1    Jeff Katofsky, Esq. (CSB #139883) jeff@katofskylaw.com
     Michael Leff, Esq. (CSB #262635) michael@katofskylaw.com
2    Simon Song, Esq. (CSB #283269) simon@katofskylaw.com
     KATOFSKY LAW - 4558 Sherman Oaks Avenue
3    Sherman Oaks, California 91403
     T: (818) 990-1475 - (F) (818) 990-1477

4

5    Attorney for Defendant
     REX K. ALEXANDER
6

7

8                  **UNITED STATES DISTRICT COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11

12    THE ARMAND HAMMER FOUNDATION,)    USDC Case #:
     INC., a Florida not for profit corporation, )
13                             )    NOTICE OF REMOVAL

14               Plaintiffs, )
     vs. )
15                             )
     REX K. ALEXANDER, an individual,)
16    MISTY HAMMER, an individual, MARK)
     ALFANO, an individual; BULL CANYON,)
17    INC., a California corporation, and DOES 1)
     through 50, inclusive )
18                             )
              Defendants. )
19    _____ )

20

21

22         **PLEASE TAKE NOTICE THAT** Defendant Rex K. Alexander, an individual, (hereinafter

23    "Rex"), hereby removes the above-captioned action to this Court from the Superior Court of the

24    State of California, County of Santa Barbara, Anacapa Division, Case number 22CV04810. As set

25    forth below, Rex has complied with the statutory requirements for removal under 28 U.S.C. §§ 1441

26    and 1446, and this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a).

27

28

**BACKGROUND**

1.    On or about December 7, 2922, Plaintiff The Armand Hammer Foundation, Inc., LLC (hereinafter "AHF") filed a complaint against Rex K. Alexander and others in the Superior Court of the State of California, County of Santa Barbara, Anacapa Division, case number 22CV04810 (hereinafter "State Court Action"). Plaintiff brings claims for, *inter alia*, conversion.

2.    Defendant Rex was served with the State Court Action Complaint on December 11, 2022. This removal petition is timely as 28 U.S.C §1446(b) requires removal within 30 days of receipt of initial pleading.

3.    Removal to the Central District of California, Western Division is proper because this District includes Santa Barbara County, California. 28 U.S.C. §1441.

4.    Removal to the Central District of California is proper because this District includes Santa Barbara County, California. 28 U.S.C. §1441.

5.    Defendant Rex will file a copy of this Notice of Removal with the Clerk of the Santa Barbara County Superior Court, Anacapa Division, and will serve a copy on Plaintiff, as required by 28 U.S.C.§1446(d).

**REMOVAL BASED ON TRADITIONAL DIVERSITY JURISDICTION**

6.    Defendants Rex's basis for removal is diversity jurisdiction. Defendants and Plaintiff are citizens of different states, and the amount in controversy exceeds $75,000.00. 28 U.S.C. §1332(a).

7.    Plaintiff is a Florida not for profit corporation. (See Complaint ¶1).

8.    Defendant Rex is, and at all relevant times was, an individual living in Fulshear, Texas, although incorrectly alleged to be a resident of Western Lakes, Texas. (See Complaint ¶2)

9.    The remaining defendants are alleged to reside in California, not Florida. (See Complaint ¶3-5).

10.    This is a civil action over which the Court has original jurisdiction under the provisions of 28 U.S.C. §1332 and may be removed to this Court by the Defendant pursuant to the provision fo 28 U.S.C. §1441(a) because it is a civil action between citizens of different states and

1   the matter in controversy herein exceeds the sum or value of $75,000.00, exclusive of interest and

2   costs.

3                    **RESERVATION OF RIGHTS**

4          11.     Defendant Rex denies the allegations contained in the Complaint and files this

5   Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may

6   exist in its favor in either State or Federal court.

7          12.     Further, in making the allegations in this Notice of Removal, Defendant Rex does

8   not concede in any way the allegations in the Complaint are accurate, that Plaintiff has asserted

9   claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized

10  or appropriate.

11         13.     Rex also reserves the right to amend or supplement this Notice of Removal.  If any

12  questions arise as to the propriety of the removal of this Action, Rex expressly requests the

13  opportunity to present such further evidence as necessary to support its position that this Action is

14  removable.

15         14.     For the reasons state above, Rex remove this Action, Case No. 22CV04810,

16  currently pending in the Superior Court, State of California, Santa Barbara County, Anacapa

17  Division. Rex respectfully requests that this Court assume jurisdiction over this matter and grant

18  Defendant Rex such other and further relief as this Court deems just and proper.

19         15.     Rex certifies that he will file a copy of this Notice of Removal with the Clerk of the

20  Superior Court, State of California, and will give notice of same to counsel for Plaintiff and any

21  other party who has appeared in this action.

22  DATED: December 12, 2022              KATOFSKY LAW

23

24

25  By:

26        Jeff Katofsky, Esq., Attorney for
          Plaintiff CATALYST, LLC

27

28

EXHIBIT "A" NOTICE OF REMOVAL TO US DISTRICT COURT
(Hammer Found v. Alexander)

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
12/7/2022 9:41 PM
By: Narzralli Baksh , Deputy

NELSON MULLINS RILEY & SCARBOROUGH
Pacific Gateway
19191 South Vermont Ave., Suite 900
Torrance, CA 90502
Tel: (424) 221-7404
Fax: (424) 221-7499
Ryan E. Cosgrove (State Bar No. 277907)
ryan.cosgrove@nelsonmullins.com

REICKER, PFAU, PYLE & McROY LLP
1421 State Street, Suite B
Santa Barbara, CA 93101
Tel (805) 966-2440
Fax (805) 966-3320
Meghan K Woodsome (State Bar No. 272459)
mwoodsome@rppmh.com
Cory T. Baker (State Bar No. 315763)
cbaker@rppmh.com

Attorneys for Plaintiff The Hammer Foundation, Inc.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA BARBARA—ANACAPA DIVISION

| | |
|---|---|
| THE ARMAND HAMMER FOUNDATION, INC., a Florida Not For Profit Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>REX K. ALEXANDER, an individual, MISTY HAMMER, an individual, MARK L. ALFANO, an individual, BULL CANYON, INC., a California Corporation, and DOES 1 through 50, inclusive<br><br>Defendants. | Case No. 22CV04810<br>Judge:<br><br>VERIFIED COMPLAINT FOR:<br><br>(1) BREACH OF FIDUCIARY DUTY;<br>(2) MISAPPROPRIATION OF CORPORATE ASSETS;<br>(3) CONVERSION;<br>(4) UNJUST ENRICHMENT; AND<br>(5) DECLARATORY RELIEF |

Plaintiff The Armand Hammer Foundation, Inc. alleges as follows:

## PARTIES

1.     Plaintiff The Armand Hammer Foundation, Inc. ("AHF"), is, and at all material times herein was, a Florida Not For Profit Corporation with its registered office at 600 Southwest 3rd Street,

1

Suite 100V, Pompano Beach, Florida. The Foundation's executive office is located at 3501 Via Real, Carpinteria, California in the County of Santa Barbara ("California Foundation Office").

2.    Plaintiff is informed and believes, and based thereon alleges that Defendant Rex K. Alexander ("Alexander") is an individual residing at 32087 Winslow Drive, Weston Lakes, Texas 77441.

3.    Plaintiff is informed and believes, and based thereon alleges that Defendant Misty Hammer is an individual residing at the Four Seasons Residence Tower, located at 2022.11.09 Alfano Cease & Desist Ltr, in the County of Los Angeles.

4.    Plaintiff is informed and believes, and based thereon alleges that Defendant Mark L. Alfano ("Alfano") is an individual residing at 150 Toro Canyon Road, Carpinteria, California, in the County of Santa Barbara.

5.    Plaintiff is informed and believes, and based thereon alleges that Bull Canyon, Inc. ("Bull Canyon") is a California corporation with its principal place of business located at 150 Toro Canyon, Carpinteria, California, the County of Santa Barbara.

6.    Defendants Does 1 through 50, inclusive, are sued under fictitious names, because their true names and capacities, whether individual, corporate, associate, or otherwise, are unknown to Plaintiffs. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs allege on information and belief that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages as alleged in this Complaint were proximately caused by such defendants.

7.    Together, Alexander, Misty Hammer, Alfano, Bull Canyon, and Does 1 through 50 are referred to herein as the "Defendants."

8.    At all times herein mentioned each one of the Defendants were the alter egos, agents, representatives, servants, employees, employers, partners and/or joint venturers, or surety of the other Defendants, and at all times were acting within the course and scope of their authority as such alter egos, agents, servants, employees, employers, partners and/or joint venturers, or surety and with the

2

1  permission and consent or ratification of each of the other Defendants in doing the things alleged
2  herein.

3  **JURISDICTION AND VENUE**

4       9.    This Court has personal jurisdiction over all Defendants.  Alfano and Bull Canyon are
5  and at all relevant times have been domiciled in California.  Misty Hammer is at least presently
6  residing in California, and AHF's claims arise in whole or in part out of her California contacts and
7  conduct occurring in or directed towards California.  AHF's claims against Alexander also arise in
8  whole or in part out of his California contacts and conduct occurring in or directed towards California.

9      10.    Venue is proper in this Court because: (a) a substantial part of the events or omissions
10  giving rise to Plaintiffs' claims occurred in this county; (b) the tangible property at issue in this lawsuit
11  is or was located in this country; and (c) the three Defendants are domiciled in the southern portion of
12  Santa Barbara County.

13  **GENERAL ALLEGATIONS**

14      11.    Before November 20, 2022, AHF had six members of its Board of Directors (the
15  "Board"): Michael A. Hammer, Viktor A. Hammer, Misty Hammer, Alexander, Jim D. Fraser, and
16  Pete Sansone.

17      12.    Viktor Hammer is Michael Hammer's younger son.

18      13.    Misty Hammer is Michael Hammer's second wife; they married in 2017.

19      14.    Misty Hammer became an AHF Board member in April 2022.

20      15.    Alexander was AHF's Secretary.

21      16.    Beginning in April 2022, Alfano was AHF's Treasurer.

22      17.    On November 20, 2022, Michael Hammer passed away from cancer, leaving only five
23  remaining Board members.

24      18.    On July 6, 2022, Board member Viktor Hammer emailed the Board to propose a Board
25  meeting to be held on August 24, 2022.

26      19.    The Board meeting was ultimately scheduled for August 17, 2022.

27      20.    All Board members confirmed their planned attendance by email and a Zoom invite was

28

3

1 | sent.

2 | 21.    A day before the scheduled August 17, 2022 meeting, an email was sent from an AHF

3 | admin account that changed the meeting from a Zoom video conference to a telephonic conference,

4 | with no video.

5 | 22.    In the month leading up to the August 17, 2022 Board meeting, Viktor Hammer, Pete

6 | Sansone, and Jim Fraser made repeated requests for financial documents to review in preparation for

7 | the Board meeting.

8 | 23.    Despite multiple requests for financial documents, such documents were not provided

9 | before August 17, 2022.

10 | 24.    As a result of the unfulfilled or denied requests for information, Viktor Hammer, Pete

11 | Sansone, and Jim Fraser did not attend the August 17, 2022 Board meeting.

12 | 25.    Because Viktor Hammer, Pete Sansone, and Jim Fraser were not in attendance at the

13 | August 17, 2022 Board meeting, there was no quorum and any actions taken in such meeting are

14 | invalid.

15 | **A. Alfano and Alexander's Improper and Unauthorized Actions**

16 | 26.    AHF was formed with the following specific purposes and subject to the following

17 | restrictions, as set forth in Section 3.2 of AHF's Bylaws ("Bylaws"):

18 | i.    to receive and administer funds for charitable, and educational purposes . . . ;

19
20 | ii.   to support and further the cultural education of the public through the arts, developing an appreciation for and awareness of the importance of the works of art and display such works of art for public exhibition;

21
22 | iii.  make charitable contributions to organizations and entities that serve the mission and purposes of [AHF];

23 | iv.   no part of the funds of [AHF] shall inure to the benefit of any private individual . . . ;

24
25 | v.    [AHF] is not organized for pecuniary profit, nor shall it have any power to issue certificates of stock or declare dividends, and no part of its net earnings shall inure to the benefit of any individual . . . ;

26 | vi.   [AHF] shall have the power to acquire and hold title in fee simple, in trust, acquired by gifts, or otherwise, to both real and personal property; and

27
28 | vii.  [AHF] shall further be authorized to invest, reinvest, and administer the principal or the income of [AHF's] assets in such manner as, in the judgment of the Board of Directors,

4

will best promote the purposes of the [AHF] and shall be further authorized to exercise each and every power and right granted to a not-for-profit corporation under the laws of the State of Florida as may be necessary for the furtherance of its purposes . . . ."

27. A true and accurate copy of the Bylaws is attached to this Complaint as **Exhibit 1**.

28. Section 4.1 of the Bylaws states that "[t]he property of [AHF] is irrevocably dedicated to charitable purposes. No part of the net income or assets of [AHF] shall ever inure to the benefit of any of its directors or officers. . . ."

29. On information and belief, while Michael Hammer was ill, Alfano and Alexander engaged in unilateral, unauthorized actions in violation of AHF's Bylaws.

30. On information and belief, Alfano has been transferring AHF assets and relocating AHF property, including valuable pieces of art, from the California Foundation Office to another location.

31. The Board did not approve a transfer of AHF assets or property by Alfano.

32. The Board did not approve a transfer of AHF assets or property by anyone else.

33. The AHF general ledger shows that from about January 1, 2021 until July 31, 2022, forty payments totaling approximately $876,502.36 were made from AHF to Mark Alfano's company, Bull Canyon.

34. The Board did not approve any payments to Bull Canyon.

35. On October 26, 2022, Alexander sent a letter to AHF Board Members that stated:

> As you are well aware, because of the severe downturn in the markets, we have debts of approximately $750,000 that we cannot pay without taking huge additional losses in the market by selling securities. It is fiscally irresponsible to do so or make additional donations to any charity until we solve our own financial issues and make sure we can satisfy our debts. We are working on solutions to minimize damages to the Foundation and will report at our next scheduled meeting.

36. A true and correct copy of the October 26, 2022 letter from Alexander to the AHF Board is attached as **Exhibit 2**.

37. Alexander signed the letter as the "Chairman/Secretary" of AHF.

38. Alexander, however, was not AHF's Chairman.

39. Alexander was elected "Chairman of Meeting" for an April 25, 2022 Board meeting.

40. The minutes for the April 25, 2022 Board meeting reflect that he was elected as nothing

VERIFIED COMPLAINT FOR DAMAGES

1    more than the "Chairman of Meeting."

2       41.    Alexander was never elected as permanent Chairman of the Board.

3       42.    That same day, in response to Alexander's October 26, 2022 letter, Viktor Hammer

4    inquired under what authority Alexander purported to act, noting that Fraser, Sansone and he did not

5    approve and noting that such action would require a board resolution.

6       43.    A true and correct copy of Viktor Hammer's October 26, 2022 email to Alexander is

7    attached as **Exhibit 3**.

8       44.    Alexander did not respond to Viktor Hammer's October 26, 2022 email.

9       45.    On information and belief, on November 1, 2022, Alexander, without approval by the

10   Board, unilaterally informed Dave Smith that he would be terminated effective December 31, 2022,

11   the Chief Administrator and Head of Security for AHF.

12      46.    A true and accurate copy of the Affidavit of David Smith is attached hereto as

13   **Exhibit 4**.

14      47.    Dave Smith had served in the role of Chief Administrator and Head of Security for

15   AHF for over fifteen years.

16      48.    On information and belief, when Smith arrived at the California AHF Office on

17   November 2, 2022, he found that the locks had been changed and he could not access the building.

18   And, on information and belief, Alfano and Alexander have since revoked Smith's access to AHF's

19   electronic systems.

20      49.    On information and belief, Alexander terminated AHF's Head of Security to conceal his

21   and Alfano's improper acts.

22      50.    On information and belief, Alexander and Misty Hammer, without Board approval,

23   have also wrongfully refused to make payments and fulfill grants and pledges approved by the Board.

24      51.    On information and belief, Alexander has caused AHF not to fulfill pledged donations

25   approved to be paid to 911 At Ease International, a charitable organization that supports first

26   responders.

27      52.    Alexander's refusal to make these payments or fulfill grants and pledges approved by

28

VERIFIED COMPLAINT FOR DAMAGES

1    the Board contradicts AHF's stated purposes.

2         53.    The Board provided no form of approval for the above detailed actions or omissions, all

3    of which are inconsistent with the purposes of AHF.

4    **B. Prior Demands on Rex Alexander and Mark Alfano**.

5         54.    On November 9, 2022, Board members Viktor Hammer, Pete Sansone, and Jim Fraser

6    sent Alfano and Alexander each a cease-and-desist letter to address the concerns regarding the transfer

7    of AHF assets. True and accurate copies of the Cease-and-Desist Letters are attached as **Exhibit 5**

8    (Alfano) and **Exhibit 6** (Alexander).

9         55.    To this date, Alfano and Alexander have not responded to the cease-and-desist letters.

10        56.    To this date, neither Alfano or Alexander have denied the content in the cease-and-

11   desist letters.

12   **C. Board Meetings to Remove Defendants**.

13        57.    On November 21, 2022, Board Members Viktor Hammer, Sansone, and Fraser sent by

14   email notice of a Special Meeting of the Board of Directors of AHF to be held on November 25, 2022.

15        58.    Section 5.12 of AHF's Bylaws states that "Special meetings of the Board for any

16   purpose may be called at any time by the Chairman, the President, or the Vice President (if any), or the

17   Secretary, or any two directors."

18        59.    Section 5.15(a) of AHF Bylaws provides that "notice of the time and place of all regular

19   and special meetings" can be made by email "if the recipient has consented to accept notices in this

20   manner."

21        60.    Alexander had previously accepted notice of AHF meetings by email.

22        61.    Misty Hammer had previously accepted email notice of an AHF Special Meeting that

23   was to occur on August 17, 2022.

24        62.    Section 5.15(b) requires notices given by email to "be delivered at least 48 hours before

25   the time set for the meeting."

26        63.    On the morning of November 25, 2022, less than twenty minutes before the scheduled

27   Special Meeting, counsel David C. Banker protested the Special Meeting because he contended that

28

7

VERIFIED COMPLAINT FOR DAMAGES

1  "notice has not been properly furnished," and he contended that no official action may be taken.

2      64.    A true and accurate copy of Banker's email and attached letter as attached as **Exhibit** 7.

3      65.    Contrary to Banker's contention, the Special Meeting was properly noticed under the

4  Bylaws.

5      66.    Consistent with Section 5.12, the Special Meeting was called by (more than) two

6  directors-Viktor Hammer, Pete Sansone, and Jim Fraser.

7      67.    Consistent with Section 5.15(a), notice of the time and place was sent to each director

8  via email.

9      68.    Each director had previously accepted meeting notices by email.

10      69.    Consistent with 5.15(b), the November 21 Notice sent by email was delivered over 48

11  hours before the scheduled Special Meeting time.

12      70.    Consistent with Section 5.15(c), the November 21 Notice stated the time and place of

13  the meeting.

14      71.    And consistent with Section 5.9 of the Bylaws, the November 21 Notice included

15  agenda items expressly providing for removal of certain directors.

16      72.    The Special Meeting took place as noticed on November 25, 2022.

17      73.    Viktor Hammer, Sansone, and Fraser attended the Special Meeting noticed for

18  November 25, 2022.

19      74.    Under Section 5.10 of the Bylaws, "[a] majority of the number of directors fixed by

20  these Bylaws shall constitute a quorum. . . ."

21      75.    Thus, under Section 5.10 of the Bylaws, a quorum was present at the Special Meeting

22  because three of the five AHF directors were present.

23      76.    These actions were approved by the unanimous vote of the Board members present at

24  the November 25, 2022 Special Meeting:

25      a.   Alexander was removed as a member of the Board of Directors.

26      b.   Alexander was removed as an officer of AHF.

27      c.   Alfano was removed as an officer of AHF.

28

8

d. Viktor Hammer was elected Chairman of the Board and President of AHF, Sansone was elected as Treasurer of AHF, and Fraser was elected as Secretary of AHF.

e. Viktor Hammer was elected as the sole member of the Board of Directors of The Hammer International Foundation ("HIF").

f. David Smith was reinstated as the Chief Administrator and Head of Security of AHF and authorized to secure AHF's location at 3501 Via Real, Carpinteria, California, 93013.

g. Nelson Mullins Riley & Scarborough, LLP was selected to replace Randall L. ("Randy") Barton and David Banker and their law firms as counsel for AHF, with the law firm of Nelson Mullins Riley & Scarborough to take over as counsel for AHF.

77. Each of the above actions taken by the Board on November 25, 2022 was valid and proper.

78. Following the November 25, 2022 Special Meeting, draft minutes of the Special Meeting were emailed to all Board Members.

79. After correcting some non-substantive typos, those meeting minutes were approved by a majority of the Board.

80. That same day, on November 25, 2022, Misty Hammer sent a letter to a number of undisclosed recipients.

81. A true and accurate copy of Misty Hammer's letter is attached as **Exhibit 8**.

82. The letter disclosed the passing of Michael Hammer and concluded with several statements about AHF.

83. In her letter, Misty Hammer stated that "some of you may have been contacted directly with false statements surrounding Michael's wishes and the leadership of the Foundation," and closed with her intent that she would "carry[ ] on his spirit of generosity and giving." Thus, the letter implied that she intended to control AHF.

84. Also on November 25, 2022, Viktor Hammer, as the newly elected President of AHF, instructed David Smith and Mike McGrew, a retired police officer and friend of Michael Hammer, to secure the California AHF Office and, if needed, to call a locksmith to gain entry.

85. On information and belief, McGrew and Smith showed up to the California AHF Office that morning and found that the gate arm was closed and the codes had been changed. A true and accurate copy of the Affidavit of Mike McGrew is attached as **Exhibit 9**.

9

86.   On information and belief, McGrew and Smith called a locksmith to come open the gate.

87.   On information and belief, after the locksmith opened the gate and McGrew and Smith entered, two police vehicles arrived and informed McGrew and Smith that someone called the police alleging they were trespassing.

88.   On information and belief, the police officer said that he spoke with Misty Hammer, who told the police officer that she was a Board member of AHF, that no Special Meeting occurred, and that the AHF Bylaws do not allow for McGrew or Smith to inspect the property.

89.   On information and belief, shortly thereafter, Mark Alfano arrived at the California AHF Office in a vehicle with a man by the name of Cecil Kyte.

90.   On information and belief, the police officer instructed McGrew and Smith to leave AHF property, and not to return until they have a court order or other documentation authorizing them to be at the California AHF Office.

91.   Also on November 25, because Banker protested the November 25, 2022 Special Meeting by letter, and out of an abundance of caution and to avoid further dispute, Board Members Viktor Hammer, Sansone, and Fraser once again called a Special Meeting for November 28, 2022.

92.   An email noticing the November 28, 2022 Special Meeting was sent to Viktor Hammer, Sansone, Fraser, Misty Hammer, and Alexander. The purposes of the Special Meeting were included in this email.

93.   The AHF Board members requested that Alexander-because Alexander claimed to be Secretary of AHF-send out a notice for a Special Meeting to occur on November 28, 2022.

94.   The email was sent to Alexander at his Hotmail.com email address.

95.   A true and correct copy of the email and letter correspondence calling for the November 28, 2022 meeting is attached as **Exhibit 10**.

96.   Alexander never sent out the Special Meeting notice as requested by three board members.

97.   Because Alexander never sent out a Special Meeting notice after being directed to do

10

1    so, Viktor Hammer, Sansone, and Fraser provided a meeting link and call-in phone number so the

2    November 28, 2022 Special Meeting could occur.

3        98.    Just before the Special Meeting began, Banker once again sent an email stating that the

4    Special Meeting was not properly noticed. He provided no further explanation.

5        99.    A true and correct copy of Banker's email is attached as **Exhibit 11**.

6        100.   On November 28, 2022, the Special Meeting of the Board of Directors of AHF went

7    forward.

8        101.   A quorum was present for the November 28, 2022 Special Meeting.

9        102.   At the November 28, 2022, Special Meeting, to avoid further dispute, all actions taken

10   at the November 25, 2022 Special Meeting were renewed and approved.

11       103.   In addition, Misty Hammer was removed as a Board Member by unanimous vote of the

12   Board Members present.

13       104.   Thus, Alexander was properly removed as a member of the Board.

14       105.   Alexander was properly removed as an AHF officer.

15       106.   Alfano was properly removed as an AHF officer.

16       107.   Misty Hammer was properly removed as a member of the Board.

17       108.   The remaining Board members are Viktor Hammer, Sansone, and Fraser.

18       109.   Even though he had already been removed as AHF's counsel, Randall Barton sent a

19   letter on December 6, 2022 purporting to resign as "General Counsel" of both AHF and HIF.

20       110.   A true and correct copy of Barton's December 6, 2022 letter is attached as **Exhibit** 12.

21       111.   Barton's December 6, 2022 letter claimed "that since the death of Michael Armand

22   Hammer [he] ha[d] provided no services to The Armand Hammer Foundation."

23       112.   Barton did not make the same claim with respect to HIF.

24   //

25   //

26   //

27   //

28

11

VERIFIED COMPLAINT FOR DAMAGES

**FIRST CAUSE OF ACTION**

**(Breach of Fiduciary Duty against Rex Alexander and Mark Alfano)**

113.   AHF incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 112 above of this Verified Complaint as if set forth in full herein.

114.   Alexander, as a former director and Secretary of AHF, owed a fiduciary duty to AHF.

115.   Alfano, as a former Treasurer of AHF, owed a fiduciary duty to AHF.

116.   Because AHF is a Florida Not For Profit Corporation with its principal place of business in Florida, Florida law applies to the director liability claims brought in this action to the extent that Florida law conflicts with California law. *See* Cal. Corp. Code § 2116 (providing that a director's liability to a corporation is a matter of internal governance of the corporation and is governed by the laws of the state in which it is incorporated); *see also Friese v. Superior Ct.* (2005) 134 Cal. App. 4th 693, 706 ("States normally look to the State of a business' incorporation for the law that provides the relevant corporate governance general standard of care.") (citation omitted).

117.   Alexander and Alfano's actions and omissions described above constitute breaches of their fiduciary duties.

118.   As a result of these breaches, AHF has sustained damages in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**

**(Misappropriation of Corporate Assets against Alfano)**

119.   AHF incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 112 above of this Verified Complaint as if set forth in full herein.

120.   Alfano's actions described herein constitute misappropriation of corporate assets.

121.   As a result of Alfano's misappropriation of corporate assets, AHF has sustained damages in an amount to be proven at trial.

//

//

//

12

**THIRD CAUSE OF ACTION**

**(Conversion against Alfano)**

122.    AHF incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 112 above of this Verified Complaint as if set forth in full herein.

123.    Alfano wrongfully exercised, and continues to wrongfully exercise, dominion over assets and property-including valuable artworks-that rightfully belong to AHF and deny AHF of its rights and use of the assets and property.

124.    Alfano's actions described herein constitute conversion.

125.    As a result of Alfano's conversion of assets and property belonging to AHF, AHF has sustained damages in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**

**(Unjust Enrichment against Alfano and Bull Canyon)**

126.    AHF incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 112 above of this Verified Complaint as if set forth in full herein.

127.    Alfano and Bull Canyon have been unjustly enriched at AHF's expense.

128.    Alfano and Bull Canyon are not entitled in equity and good conscience to profit from the above-described acts.

129.    Thus, Alfano and Bull Canyon are obligated to make restitution to AHF for the payments they have received, retained, or appropriated.

**FIFTH CAUSE OF ACTION**

**(Declaratory Relief against all Defendants)**

130.    AHF incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 112 above of this Verified Complaint as if set forth in full herein.

131.    An actual controversy exists between the parties regarding the validity of actions taken by the Board of Directors on November 25, 2022 and November 28, 2022. *See* Cal. Civ. Proc. Code § 1060.

132.    AHF seeks the following declarations related to the control of AHF:

13

a. That AHF has sole control and ownership over AHF assets and property.

b. That Alexander, Alfano, and Misty Hammer were properly removed as members of the Board and officers of AHF.

c. That Viktor Hammer, Pete Sansone, and Jim Fraser remain the sole Members and officers of AHF.

### PRAYER

WHEREFORE, AHF prays for the Court to enter judgment and interim relief as follows:

1. That the Court award damages and restitution to AHF in an amount to be determined at trial arising from the conduct alleged in the First, Second, Third, and Fourth Causes of Action of this Verified Complaint;

2. That the Court issue a Temporary Restraining Order that:

a. Prohibits Defendants from (i) entering, accessing, controlling, or interfering with AHF or its assets or property; (ii) purporting to act on behalf of AHF; and (iii) accessing, transferring, or moving AHF assets or property; and

b. Requires Defendants to (i) return all AHF artworks and all other AHF property and assets recently transferred, moved, or otherwise taken by Defendants; or, in the alternative, (ii) provide and inventory of all AHF property and to take steps to secure all AHF property;

3. That the Court issue a Preliminary Injunction that:

a. Prohibits Defendants from (i) entering, accessing, controlling, or interfering with AHF or its assets or property; (ii) purporting to act on behalf of AHF; and (iii) accessing, transferring, or moving AHF assets or property; and

b. Requires Defendants to (i) return all AHF artworks and all other AHF property and assets recently transferred, moved, or otherwise taken by Defendants; or, in the alternative, (ii) provide and inventory of all AHF property and to take steps to secure all AHF property;

4. That the Court issue a Permanent Injunction that:

14

VERIFIED COMPLAINT FOR DAMAGES

a. Prohibits Defendants from (i) entering, accessing, controlling, or interfering with AHF or its assets or property; (ii) purporting to act on behalf of AHF; and (iii) accessing, transferring, or moving AHF assets or property;

5. That Court issue declaratory judgments that:

   a. AHF has sole control and ownership over AHF assets and property;

   b. Alexander, Alfano, and Misty Hammer were properly removed as members of the Board and officers of AHF; and

   c. Viktor Hammer, Pete Sansone, and Jim Fraser remain the sole Members and officers of AHF; and

6. That the Court issue any other declarations or judgments in favor of AHF as may be necessary and proper;

7. In the alternative to this Court issuing a Temporary Restraining Order and Preliminary Injunction, that this Court appoint a receiver to maintain the status quo, and protect AHF's property interests which are in danger of being lost, removed or materially injured, during the pendency of this litigation and that, to effectuate the purpose of the receivership, the Court:

   a. Empower such receiver to: (i) take possession of AHF's assets and property; (ii) receive all accounts receivable; (iii) fulfill grants and pledges approved by the Board of Directors; (iv) prepare a forensic accounting of the books and records of AHF, and (v) account to the directors and the Court for the expenses incurred and revenues generated therefrom;

   b. Require Defendants, and all those acting in concert with them or at their direction, to: (i) turn over all AHF assets and property to the receiver; (ii) refrain from interfering with the receiver's control and management of AHF's assets and property, and (iii) refrain from engaging in any actions on behalf of AHF.

8. That the Court award pre- and post-judgment interest as allowed by law;

9. That the Court award AHF its costs of suit and, to the extent authorized, reasonable attorney's fees incurred in the prosecution of this action; and

15

1    10.    For such other and further relief, including equitable relief, as the Court deems just and

2  proper.

3

4  Dated: December 7, 2022          REICKER, PFAU, PYLE & McROY LLP

5

6                                   By:_____*Meghan K. Woodsome*_____

7                                      Meghan K. Woodsome
                                       Attorneys for Plaintiff, The Hammer Foundation, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16

VERIFIED COMPLAINT FOR DAMAGES

# VERIFICATION

I am the Chairman, a member of the Board of Directors, and President of The Armand Hammer Foundation, Inc. I have read the VERIFIED COMPLAINT attached hereto. Under penalty of perjury of the laws of the State of California, I verify that the allegations contained in the VERIFIED COMPLAINT are true to my own knowledge, except as to those matters which are therein stated as being on information or belief, and as to those matters, I believe them to be true.

Viktor Hammer

# EXHIBIT "1"

DocuSign Envelope ID: C6E0A379-A443-430A-9A70-7C1CCCE78115

# BYLAWS

## OF

## THE ARMAND HAMMER FOUNDATION, INC.
## A FLORIDA CORPORATION NOT-FOR-PROFIT

## ARTICLE I
## NAME

The name of the Corporation is **THE ARMAND HAMMER FOUNDATION, INC.** (the "**Corporation**").

## ARTICLE II
## OFFICES

Section 2.1    **Principal Office**.  The principal office for the transaction of the business of the Corporation is 600 SW 3rd Street, Suite 100V, Pompano Beach, Florida 33060.

Section 2.2    **Other Offices**.  The Board of Directors (from time to time referred to hereinafter as the "**Board**") may at any time establish subordinate offices at any place or places where the Corporation is qualified to transact business.

## ARTICLE III
## PURPOSES; LIMITATIONS

Section 3.1    **General Purpose**.  The Corporation is a non-stock, non-profit, tax-exempt organization for charitable, educational and scientific purposes within the meaning of Section 501(c)(3) of the U.S. Internal Revenue Code of 1986, as amended.  It is organized under the provisions Chapter 617, Florida Statutes.

Section 3.2    **Specific Purposes**.  The specific purposes of the Corporation shall include without limitation:

(i)      to receive and administer funds for charitable, and educational purposes, and to that end to take title to and hold, by contract, bequest, devise, gift, purchase or lease,

6FL3700.DOC

**EXHIBIT "1"**

DocuSign Envelope ID: C6E0A379-A443-430A-9A70-7C1CCCE78115

either absolutely or in trust, any property, real, personal and mixed, without limitations as to amounts or value, except as to such limitations, if any, as may be imposed by law;

(ii)    to support and further the cultural education of the public through the arts, developing an appreciation for and awareness of the importance of the works of art and display such works of art for public exhibition;

(iii)    make charitable contributions to organizations and entities that serve the mission and purposes of the Corporation;

(iv)    no part of the funds of the Corporation shall inure to the benefit of any private individual, and no part of the activities shall consist of carrying on propaganda, or otherwise attempting to influence legislation, or of participating in any political campaign on behalf of any candidate for public office;

(v)    the Corporation is not organized for pecuniary profit, nor shall it have any power to issue certificates of stock or declare dividends, and no part of its net earnings shall inure to the benefit of any individual and the balance, if any, of all money received by the Corporation from its operations, after the payment in full of all debts and obligations of the Corporation of whatever kind and nature, may be used and distributed to organizations that qualify under Section 509(a)(1) or (2) of the Code

(vi)    the Corporation shall have the power to acquire and hold title in fee simple, in trust, acquired by gifts, or otherwise, to both real and personal property; and

(vii)    the Corporation shall further be authorized to invest, reinvest, and administer the principal or the income of the Corporation's assets in such manner as, in the judgment of the Board of Directors, will best promote the purposes of the Corporation and shall be further authorized to exercise each and every power and right granted to a not-for-profit corporation under the laws of the State of Florida as may be necessary for the furtherance of its

6FL3700.DOC

DocuSign Envelope ID: C6E0A379-A443-430A-9A70-7C1CCCE78115

purposes; all in accordance with its Bylaws or as the same may be hereafter modified or amended; provided, however, that such activities conform to the provisions of Section 501(c)(3) of the Code.

Section 3.3   **Political Activities**.   No substantial part of the activities of the Corporation shall consist of carrying on propaganda, or otherwise attempting to influence legislation, and the Corporation shall not participate in or intervene in any political campaign (including the publishing or distribution of statements) on behalf of, or in opposition to, any candidate for public office.

Section 3.4   **Prohibited Activities**.   The Corporation shall not, except in any insubstantial degree, engage in any activities or exercise any powers that are not in furtherance of the purposes described in Article III.  Nothing in Article III shall be construed as allowing the Corporation to engage in any activity not permitted to be carried on (i) by a corporation exempt from federal income tax under Section 501(c)(3) of the Internal Revenue Code of 1986, as amended (the "**Code**") or (ii) by a corporation, contributions to which are deductible under Section 170(c)(2) of the Code.

## ARTICLE IV
## DEDICATION OF ASSETS

Section 4.1   **Property Dedicated to Nonprofit Purposes**.   The property of the Corporation is irrevocably dedicated to charitable purposes.  No part of the net income or assets of the Corporation shall ever inure to the benefit of any of its directors or officers, or to the benefit of any private person, except that the Corporation is authorized and empowered to pay reasonable compensation for services rendered and to make payments and distributions in furtherance of the purposes set forth in Article III hereof.

6FI.3700.DOC

DocuSign Envelope ID: C6E0A379-A443-430A-9A70-7C1CCCE78115

Section 4.2     **Distribution of Assets Upon Dissolution**.  The Corporation may be dissolved pursuant to act of its Board of Directors, in accordance with applicable law.  Upon dissolution of the Corporation, the Board of Directors shall, after paying or making provision for the payment of all of the liabilities of the Corporation, dispose of all of the assets of the Corporation by contribution exclusively to one or more organizations which themselves are an organization exempt from federal income tax under Section 501(c)(3) of the Internal Revenue Code of 1986, as amended (or any successor thereof), or to the federal, state or local government for exclusive public purpose.

### ARTICLE V
### DIRECTORS

Section 5.1     **Function**.  All corporate powers shall be exercised by or under the authority of and the business and affairs of this Corporation shall be managed under the direction of the Board of Directors.

Section 5.2     **Number**.  This Corporation shall initially have three (3) directors.  The number of directors shall be determined from time to time by resolution of the Board of Directors, but shall never be less than three (3) or more than nine (9).  In the absence of an express determination by the Board, the number of directors, until changed by the Board, shall be that number of directors elected at the most recently held annual meeting of the Board.

Section 5.3     **Corporate Powers Exercised by Board**.  Subject to the provisions of the Articles of Incorporation, Chapter 617, Florida Statutes and these Bylaws, the business and affairs of the Corporation shall be managed under the direction of the Board of Directors.  The Board may delegate the management of the activities of the Corporation to any person or persons, management company or committee, provided that the activities and affairs of the Corporation shall be managed and corporate powers exercised under the direction of the Board.

6FL3700.DOC

DocuSign Envelope ID: C6E0A379-A443-430A-9A70-7C1CCCE78115

Section 5.4      **Duties of Directors**.

a.      A director shall perform his duties as a director, including his duties as a member of any committee of the Board upon which he or she may serve, in good faith, in a manner he or she reasonably believes to be in the best interest of the Corporation and with the care an ordinarily prudent person in a like position would exercise under similar circumstances.

b.      In performing his or her duties, a director shall be entitled to rely on information, opinions, reports or statements, including financial statements and other financial data, in each case prepared by and presented by:

(i)      one or more officers or employees of the Corporation whom the director reasonably believes to be reliable and competent in the matters presented;

(ii)      counsel, public accountants or other persons as to matters which the director reasonably believes to be within such person's professional or expert competence; or

(iii)      a committee of the Board upon which he or she does not serve, duly designated in accordance with a provision of the Articles of Incorporation or the Bylaws, as to matters within its designated authority, which committee the director reasonably believes to merit confidence.

c.      A director shall not be considered to be acting in good faith if he or she has knowledge concerning the matter in question that would cause such reliance described above to be unwarranted.

d.      A person who performs his duties in compliance with this section shall have no liability by reason of being or having been a director of the Corporation.

e.      The Board of Directors may, elect a Chairman to preside at all meetings of the Board and to fix the dates of meetings of the Board. In the absence of the President and upon

6F1.3700.DOC

DocuSign Envelope ID: C6E0A379-A443-430A-9A70-7C1CCCE78115

the request of a majority of the Board, the Chairman may assume the authority of the President, as stated in these Bylaws, and transact any business on behalf of the Corporation in which the President would otherwise be permitted to engage.

Section 5.5 **Presumption of Assent**. A director of the Corporation who is present at a meeting of its Board of Directors at which action on any corporate matter is taken shall be presumed to have assented to the action taken unless he or she objects, at the beginning of the meeting or promptly upon his arrival, to holding the meeting or transacting specified affairs at the meeting, or he or she votes against such action or abstains from voting in respect thereto because of an asserted conflict of interest.

Section 5.6 **Election and Term.**

a.    Each person named as an initial Board of Directors shall hold office for an initial term of twelve (12) months and until his or her successor shall have been elected and qualified or until his or her earlier resignation, removal from office or death.

b.    The directors shall be elected at the annual meeting of the Board and each director elected shall hold office for a term of one (1) year and until his or her successor is duly elected and qualified or until his or her death, resignation or removal.  The directors then in office shall elect successors.

Section 5.7 **Interested Directors**. Not more than 49 percent of the persons serving on the Board at any time may be interested persons. An "interested person" is (1) any person being compensated by the corporation for services rendered to it within the previous 12 months, whether as a full-time or part-time employee, independent contractor, or otherwise, excluding any reasonable compensation paid to a director as director; and (2) any brother, sister, ancestor, descendant, spouse, brother-in-law, sister-in-law, son-in-law, daughter-in-law, mother-in-law, or

6F1.3700.DOC

DocuSign Envelope ID: C6E0A379-A443-430A-9A70-7C1CCCE78115

father-in-law of any such person. Notwithstanding the foregoing, any violation of the provisions of this Section shall not affect the validity or enforceability of any transaction entered into by the Corporation.

Section 5.8   **Vacancies**.   Vacancies caused by resignation, death or removal of a director and newly created directorships resulting from any increase in the authorized number of directors may be filled by the affirmative vote of a majority of the Board, and until their successors are duly elected and qualified or until their death, resignation or removal.

Section 5.9   **Removal of Directors**.   At a meeting of the Board called expressly for that purpose, any director may be removed, with or without cause, by the affirmative vote of a majority of the Board.  The Board may by resolution declare vacant the office of a director who has been declared of unsound mind by an order of court, or convicted of a felony, or been found by final order of judgment of any court to have breached a duty under the Chapter 617, Florida Statutes.

Section 5.10   **Quorum and Voting**.   A majority of the number of directors fixed by these Bylaws shall constitute a quorum for the transaction of business.  The act of the majority of the directors present at a meeting at which a quorum is present shall be the act of the Board of Directors.

Section 5.11   **Regular Meetings**.   Each year the Board shall hold at least one meeting, at a time and place fixed by the Board, for the purposes of election of directors, appointment of officers, review and approval of the corporate budget and transaction of other business.  This meeting is sometimes referred to in these Bylaws as the "annual meeting."  Other regular meetings of the Board may be held at such time and place as the Board may fix from time to time by resolution.

6FL3700.DOC

DocuSign Envelope ID: C6E0A379-A443-430A-9A70-7C1CCCE78115

Section 5.12    **Special Meetings**.  Special meetings of the Board for any purpose may be called at any time by the chairman, the President, or the Vice President (if any), or the Secretary, or any two directors.

Section 5.13    **Executive and Other Committees**.

a.    The Board of Directors, by resolution adopted by a majority of the full Board of Directors, may designate from among its members an Executive Committee and one or more other committees each of which, to the extent provided in such resolution, shall have and may exercise all the authority of the Board of Directors, except that no committee shall have the authority to:

(i)    fill vacancies in the Board of Directors or any committee thereof;

(ii)    adopt, amend or repeal the Bylaws; or

(iii)    authorize or approve dissolution of the Corporation; except that the Board of Directors, having acted regarding general authorization of such dissolution, may authorize a committee to wind up the affairs of the Corporation, to satisfy claims of creditors and to distribute the assets in accordance with the Articles of Incorporation and with the applicable law.

b.    The Board of Directors, by resolution adopted in accordance with this section, may designate one or more directors or alternate members of any such committee, who may act in the place and stead of any absent member or members at any meeting of such committee.

Section 5.14    **Place of Meetings.**  Regular and special meetings of the Board of Directors and Executive and other committees, may be held within or without the State of Florida, if authorized and approved by the Board.

6F1.3700.DOC

DocuSign Envelope ID: C6E0A379-A443-430A-9A70-7C1CCCE78115

Section 5.15    **Time, Notice and Call of Meetings**.

    a.    **Manner of Notice**.  Except when the time and place of a regular meeting is set by the Board by resolution in advance (as permitted in Section 5.10), notice of the time and place of all regular and special meetings shall be given to each director by one of the following methods:

    (i)    personal delivery of oral or written notice;

    (ii)    first-class mail, postage paid;

    (iii)    telephone, including a voice messaging system or other system or technology designed to record and communicate messages; or

    (iv)    facsimile, electronic mail ("e-mail") or other means of electronic transmission if the recipient has consented to accept notices in this manner.

All such notices shall be given or sent to the director's address, telephone number, facsimile number or e-mail address as shown on the records of the Corporation.  Any oral notice given personally or by telephone may be communicated directly to the director or to a person who would reasonably be expected to promptly communicate such notice to the director.  Notice of regular meetings may be given in the form of a calendar or schedule that sets forth the date, time and place of more than one regular meeting.

    b.    **Time Requirements**.  Notices sent by first-class mail shall be deposited into a United States mail box at least seven days before the time set for the meeting.  Notices given by personal delivery, telephone, voice messaging system or other system or technology designed to record and communicate messages, facsimile, e-mail or other electronic transmission shall be delivered at least 48 hours before the time set for the meeting.

    c.    **Notice Contents**.  The notice shall state the time and place of the meeting, except that if the meeting is scheduled to be held at the principal office of the

DocuSign Envelope ID: C6E0A379-A443-430A-9A70-7C1CCCE78115

Corporation, the notice shall be valid even if no place is specified.  The notice need not specify the purpose of the meeting unless required to elsewhere in these Bylaws.

Section 5.16   **Meetings by Electronic Communication**.  The Board of Directors may hold a meeting by conference telephone, video conferencing or other electronic equipment by means of which (a) all Directors participating in the meeting can simultaneously hear or read each other's communications during the meeting, or (b) all communications during the meeting are immediately transmitted to each participating Director, and each participating Director is able to immediately send messages to all other participating Directors. Participation in any such meeting shall constitute presence in person at the meeting.

Section 5.17   **Minimum Vote Requirement for Valid Board Action.**  Every act taken or decision made by a vote of the majority of the directors present at a meeting duly held at which a quorum is present is the act of the Board, unless a greater number is expressly required by Chapter 617, Florida Statutes, the Articles of Incorporation or these Bylaws.  A meeting at which a quorum is initially present may continue to transact business, notwithstanding the withdrawal of directors from the meeting, if any action taken is approved by at least a majority of the required quorum for that meeting.

Section 5.18   **Conduct of Meetings**.  Meetings of the Board shall be presided over by the chairman, or the President, or if the President and chairman are each absent, by the Vice President (if any) or, in the absence of each of these persons, by a chairman of the meeting chosen by a majority of the directors present at the meeting.  The Secretary shall act as secretary of all meetings of the Board, provided that, if the Secretary is absent, the presiding officer shall appoint another person to act as secretary of the meeting.  Meetings shall be governed by rules of procedure as may be determined by the Board from time to time, insofar as such rules are not

inconsistent with or in conflict with these Bylaws, with the Articles, or with any provisions of law applicable to the Corporation.

Section 5.19   **Action Without Meeting**.  Any action required or permitted to be taken by the Board may be taken without a meeting, if all members of the Board, individually or collectively, consent in writing to the action.  Such written consent shall have the same force and effect as a unanimous vote of the Board taken at a meeting.  Such written consent or consents shall be filed with the minutes of the proceedings of the Board.  Written consent may be transmitted by first-class mail, messenger, courier, facsimile, e-mail or any other reasonable method satisfactory to the chairman or the President.

Section 5.20   **Non-Liability of Directors**.  No director shall be personally liable for the debts, liabilities, or other obligations of the Corporation.

Section 5.21   **Resignation of Directors**.  Any director may resign from the Board of Directors upon ten (10) days' prior written notice to the President and other members of the Board of Directors.  The resignation is effective upon the date specified in the written notice of resignation.

Section 5.22   **Director Conflicts of Interest**.

a.   No transaction between this Corporation and one or more of its directors or any other corporation, firm, association or entity in which one or more of the directors are directors or officers or are financially interested shall be either void or voidable because of such relationship or interest or because such director or directors are present at the meeting of the Board of Directors or a committee thereof which authorizes, approves or ratifies such transaction or because his or their votes are counted for such purpose, if:

- 11 -

6F1.3700.DOC

DocuSign Envelope ID: C6E0A379-A443-430A-9A70-7C1CCCE78115

(i)     The fact of such relationship or interest is disclosed or known to the Board of Directors or committee which authorizes, approves or ratifies the transaction by a vote or consent sufficient for the purpose without counting the votes or consents of such interested directors; or

(ii)     The transaction is fair and reasonable as to the Corporation at the time it is authorized by the Board or a committee of the Board.

b.     Common interested directors may be counted in determining the presence of a quorum at a meeting of the Board of Directors or a committee thereof which authorizes, approves or ratifies such transaction.

Section 5.23     **Compensation.**     The Board of Directors may fix, by resolution, the compensation of directors for services in any capacity. In addition, the Board of Directors may authorize the reimbursement to directors of reasonable and necessary out-of-pocket expenses incurred in the performance of their duties as directors.

Section 5.24     **Advisory Committees**. The Board of Directors may establish one or more Advisory Committees to the Board. The members of any Advisory Committee may consist of trustees or non-directors and may be appointed as the Board determines. Advisory Committees may not exercise the authority of the Board to make decisions on behalf of this corporation, but shall be restricted to making recommendations to the Board or Board Committees, and implementing Board or Board Committee decisions and policies under the supervision and control of the Board or Board Committee.

## ARTICLE VI
## OFFICERS

Section 6.1     **Officers**. The officers of this Corporation shall consist of a President, one or more Vice-Presidents, Secretary and a Treasurer, each of whom shall be elected by the Board

6FL3700.DOC

DocuSign Envelope ID: C6E0A379-A443-430A-9A70-7C1CCCE78115

of Directors.  Such other officers and assistant officers and agents as may be deemed necessary may be elected or appointed by the Board of Directors from time to time.  Any two or more offices may be held by the same person.  The failure to elect any of the aforesaid officers shall not affect the existence of this Corporation.

Section 6.2   **Duties**.  The officers of this Corporation shall have the following duties:

a.      The chairman of the Board (the "**Chairman**"), if any, shall be a director and shall preside at meetings of the Board and exercise and perform such other powers and duties as may from time to time be assigned to him by the Board or prescribed by these Bylaws. If the Board designates both a Chairman and a President, the Board shall, by resolution, establish the specific duties carried by each position.

b.      Subject to such supervisory powers as may be given by the Board to the Chairman, the Board may hire a President who shall supervise, direct and control the Corporation's day-to-day activities, business and affairs, subject to the control and direction of the Board.  The President may delegate his or her responsibilities and powers subject to the control of the Board or these Bylaws.

c.      The Treasurer, or other designated officer by the Board,  shall attend to the following:

(i)      **Books of Account**.  The Treasurer shall keep and maintain, or cause to be kept and maintained, adequate and correct books and records of accounts of the properties and transactions of the Corporation, including accounts of its assets, liabilities, receipts, disbursements, gains, losses, capital, retained earnings, and other matters customarily included in financial statements.  The books of account shall be open to inspection by any director at all reasonable times.

6FL3700.DOC

DocuSign Envelope ID: C6E0A379-A443-430A-9A70-7C1CCCE78115

(ii)    **Financial Reports**.  The Treasurer shall prepare, or cause to be prepared, and certify, or cause to be certified, the financial statements to be included in any required reports.

(iii)    **Deposit and Disbursement of Money and Valuables**.    The Treasurer shall deposit, or cause to be deposited, all money and other valuables in the name and to the credit of the Corporation with such depositories as may be designated by the Board; shall disburse, or cause to be disbursed, the funds of the Corporation as may ordered by the Board; shall render, or cause to be rendered to the President and directors, whenever they request it, an account of all of his or her transactions as Treasurer and of the financial condition of the Corporation; and shall have other powers and perform such other duties incident to the office of the President as may be prescribed by the Board or these Bylaws.

(iv)    **Bond**.  If required by the Board, the Treasurer shall give the Corporation a bond in the amount and with the surety or sureties specified by the Board for faithful performance of the duties of his office and for restoration to the Corporation of all its books, papers, vouchers, money, and other property of every kind in his possession or under his control on his death, resignation, retirement, or removal from office.

d.    Each Vice-President shall act under the direction of the President and, in the absence or disability of the President, shall perform the duties and exercise the powers of the President.  They shall perform such other duties and have such other powers as the President, or the Board may from time to time prescribe.  The Board may designate one or more Executive Vice-Presidents or may otherwise specify the order of seniority of the Vice-Presidents.  The duties and powers of the President shall descend to the Vice-Presidents in such specified order of seniority.

6F1.3700.DOC

e.       The Secretary shall have custody of and maintain all of the corporate records, except the financial records, shall record the minutes of all meetings of the Board of Directors, shall send all notices of meetings out and shall perform such other duties as may be prescribed by the Board of Directors, or the President.

f.       The Treasurer shall have custody of all corporate funds and financial records, shall keep full and accurate accounts of receipts and disbursements and render accounts thereof at the annual meetings of the Board of Directors and whenever else required by the Board of Directors, or the  President and shall perform such other duties as may be prescribed by the Board of Directors, or the President.

Section 6.3      **Delegation of Duties**.  In the case of the absence of an officer of the Corporation or for any other reason that the Board may deem sufficient, the Board may delegate for the time being the powers and duties of such officers to any other officer or officers or to any director or directors or to any other individual or individuals.

Section 6.4      **Removal of Officers**.

a.       Any officer or agent elected or appointed by the Board of Directors may be removed by the Board, whenever in its judgment the best interests of the Corporation will be served thereby.

b.       Any vacancy, however occurring, in any office may be filled by the Board of Directors.

c.       Removal, as provided in this section, shall be without prejudice to the contract rights, if any, of the person so removed.  Election or appointment of an officer or agent shall not, in and of itself, create contract rights.

6FL3700.DOC

DocuSign Envelope ID: C6E0A379-A443-430A-9A70-7C1CCCE78115

Section 6.5    **Standard of Care**. Officers shall exercise their powers in good faith and with a view to the interests of this Corporation. In performing their respective duties, officers shall be entitled to rely on information, opinions, reports, books of account, or statements, including financial statements and other financial data, that are prepared or presented by:

a.    one or more directors, officers, or employees of this Corporation reasonably believed to be reliable and competent as to the matters prepared or presented;

b.    counsel, public accountants, or other persons as to matters reasonably believed to be within such person's professional or expert competence; or

c.    a committee upon which the person relying thereon does not serve, established in accordance with Article V of these Bylaws, as to matters within the committee's designated authority and on which the committee is reasonably believed to merit confidence; but a director or officer is not entitled to rely on such information, opinions, reports, books of account, or statements if he or she has knowledge concerning the matter in question that would cause reliance thereon to be unwarranted.

**ARTICLE VII**
**BOOKS AND RECORDS**

Section 7.1    **Books and Records.**

a.    The Corporation shall keep correct and complete books and records of account and shall keep minutes of the proceedings of its Board of Directors and committees of directors.

b.    Any books, records and minutes may be in written form or in any other form capable of being converted into written form within a reasonable time.

c.    The Corporation shall keep at its principal office the original or a copy of the Articles of Incorporation and Bylaws as amended from time to time.

- 16 -

6FL3700.DOC

DocuSign Envelope ID: C6E0A379-A443-430A-9A70-7C1CCCE78115

d.      The Corporation shall at all times keep at its principal office a copy of its federal tax exemption application and, for three years from their date of filing, its annual information returns.  These documents shall be open to public inspection and copying to the extent required by the Code.

Section 7.2      **Directors' Rights of Inspections**.  Every director shall have the absolute right at any reasonable time to inspect the books, records, documents of every kind, physical properties, and records of the Corporation.  The inspection may be made in person or by the director's agent or attorney.  The right of inspection includes the right to copy and make extracts of documents.

Section 7.3      **Execution of Instruments**.  Except as otherwise provided in these Bylaws, the Board, may by resolution authorize any officer or agent of the Corporation to enter into any contract or execute and deliver any instrument in the name of and on behalf of the corporation, and such authority may be general or confined to specific instances.  Unless so authorized, no officer, agent or employee shall have any power or authority to bind the Corporation by any contract or engagement or to pledge its credit or to render it liable monetarily for any purpose or in any amount.

Section 7.4      **Checks and Notes**.  Except as otherwise specifically directed by the Board, or as otherwise required by law, checks, drafts, promissory notes, orders for the payment of money, and other evidence of indebtedness of the Corporation shall be signed by the Chief Financial Officer, President, or other designated officer.

Section 7.5      **Deposits**.  All funds of the Corporation shall be deposited from time to time to the credit of the Corporation in such banks, trust companies, or other depositories as the Board may select.

6FL3700.DOC

DocuSign Envelope ID: C6E0A379-A443-430A-9A70-7C1CCCE78115

## ARTICLE VIII
## REPORTS

The corporation shall provide to the directors, within 120 days of the close of each fiscal year, a report containing the following information in reasonable detail:

1. The assets and liabilities, including the trust funds, of the corporation as of the end of the fiscal year.

2. The principal changes in assets and liabilities, including trust funds, during the fiscal year.

3. The revenue or receipts of the corporation, both unrestricted and restricted to particular purposes, for the fiscal year.

4. The expenses or disbursements of the corporation, for both general and restricted purposes, during the fiscal year.

5. Any information required by the Florida Nonprofit Corporation Act. The report required by this Section shall be accompanied by any report thereon of independent accountants, or, if there is no such report, by the certificate of an authorized officer of the corporation that such statements were prepared without audit from the books and records of the corporation.

## ARTICLE IX
## AMENDMENT

These Bylaws may be repealed, altered or amended, or new Bylaws adopted, only by the Board of Directors.

6FL3700.DOC

DocuSign Envelope ID: C6E0A379-A443-430A-9A70-7C1CCCE78115

## ARTICLE X
## PRIVATE FOUNDATION

Section 10.1   **Compliance with Private Foundation Rules**.   Any provision of these Bylaws or the Articles of Incorporation of this Corporation to the contrary notwithstanding, so long as this Corporation is deemed to be a "private foundation" as defined in Section 509 of the Internal Revenue Code of 1986, as amended (the "Code"), this Corporation:

      a.      shall distribute its income for each tax year at a time and in a manner as not to become subject to the tax on undistributed income imposed by section 4942 of the Internal Revenue Code, or the corresponding section of any future federal tax code.

      b.      shall not engage in any act of self-dealing as defined in section 4941(d) of the Internal Revenue Code, or the corresponding section of any future federal tax code.

      c.      shall not retain any excess business holdings as defined in section 4943(c) of the Internal Revenue Code, or the corresponding section of any future federal tax code.

      d.      shall not make any investments in a manner as to subject it to tax under section 4944 of the Internal Revenue Code, or the corresponding section of any future federal tax code.

      e.      shall not make any taxable expenditures as defined in section 4945 of the Internal Revenue Code, or the corresponding section of any future federal tax code.

6FL.3700.DOC

DocuSign Envelope ID: C6E0A379-A443-430A-9A70-7C1CCCE78115

## ARTICLE XI
## GRANTS ADMINISTRATION

Section 11.1   **Purpose of Grants**. This corporation shall have the power to make grants and contributions and to render other financial assistance for the purposes expressed in this Corporation's Articles of Incorporation.

Section 11.2   **Board of Trustees Oversight**. The Board of Directors shall exercise itself, or delegate, subject to its supervision, control over grants, contributions, and other financial assistance provided by this Corporation. The Board shall approve a process for reviewing and approving or declining all requests for funds made to this Corporation, which shall require such requests to specify the use to which the funds will be put, and include a mechanism for regular Board review of all grants made. The Board shall similarly approve a process for authorizing payment of duly approved grants to the approved grantee.

Section 11.3   **Refusal; Withdrawal**. The Board of Directors, in its absolute discretion, shall have the right to refuse to make any grants or contributions, or to render other financial assistance, for any or all of the purposes for which the funds are requested. In addition, the Board, in its absolute discretion, shall have the right to withdraw its approval of any grant at any time and use the funds for other purposes within the scope of the purposes expressed in this corporation's Articles of Incorporation.

Section 11.4   **Accounting Required**. The Board of Directors may require that grantees furnish a periodic accounting to show that the funds granted by this Corporation were expended for the purposes that were approved by the Board.

6FL3700.DOC

DocuSign Envelope ID: C6E0A379-A443-430A-9A70-7C1CCCE78115

Section 11.5   **Restrictions on Contributions**. This Corporation shall retain complete control and discretion over the use of all contributions it receives. Contributions received by this Corporation from solicitations for specific grants shall be regarded as for the use of this Corporation and not for any particular organization or individual mentioned in the solicitation. This Corporation may accept contributions earmarked by the donor exclusively for allocation to one or more foreign organizations or individuals only if the Board of Directors of this Corporation has approved in advance the charitable activity for which the donation was made.

## ARTICLE XII
## INDEMNIFICATION

Section 12.1   **Definitions**.  For the purposes of this article, "**agent**" means any person who is or was a director, officer, employee, or other agent of the Corporation, or is or was serving at the request of the Corporation as a director, officer, employee, or agent of another foreign or domestic corporation, partnership, joint venture, trust, or other enterprise, or was a director, officer, employee, or agent of a foreign or domestic corporation which was a predecessor corporation of the Corporation or of another enterprise at the request of such predecessor corporation; "proceeding" means any threatened, pending, or completed action or proceeding, whether civil, criminal, administrative, or investigative; and "expenses" includes without limitation attorneys' fees and any expenses of establishing a right to indemnification under Section 11.4 or 11.5(c) of this Article.

Section 12.2   **Indemnification in Actions by Third Parties**.  The Corporation shall have power to indemnify any person who was or is a party or is threatened to be made a party to any proceeding (other than an action by or in the right of the Corporation to procure a judgment in its favor, an action brought under Chapter 617, Florida Statutes by reason of the fact that such person is or was an agent of the Corporation, against expenses, judgments, fines settlements, and

- 21 -

DocuSign Envelope ID: C6E0A379-A443-430A-9A70-7C1CCCE78115

other amounts actually and reasonably incurred in connection with such proceeding if such person acted in good faith and in a manner such persons believed to be in the best interests of the Corporation. The termination of any proceeding by judgment, order, settlement, conviction, or upon a plea of nolo contendere or its equivalent shall not, of itself, create a presumption that the person did not act in good faith and in a manner which the person believed to be in the best interests of the Corporation or that the person did not have reasonable cause to believe that his or her conduct was lawful.

Section 12.3   **Indemnification in Actions by or in the Right of the Corporation**.  The Corporation shall have power to indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending, or completed action by or in the right of the Corporation, or brought under Chapter 617, Florida Statutes, to procure a judgment in its favor by reason of the fact that such person is or was an agent of the Corporation, against expenses actually and reasonably incurred by such person in connection with the defense or settlement of such action if such person acted in good faith, in a manner such person believed to be in the best interests of the Corporation and with such care, including reasonable inquiry, as an ordinarily prudent person in a like position would use under similar circumstances. No indemnification shall be made under this Section 11.3:

a.   in respect of any claim, issue, or matter as to which such person shall have been adjudged to be liable to the Corporation in the performance of such person's duty to the Corporation, unless and only to the extent that the court in which such proceeding is or was pending shall determine upon application that, in view of all the circumstances of the case, such person is fairly and reasonably entitled to indemnity for the expenses which such court shall determine;

6FL3700.DOC

DocuSign Envelope ID: C6E0A379-A443-430A-9A70-7C1CCCE78115

b.      of amount paid in settling or otherwise disposing of a threatened or pending action, with or without court approval; or

c.      of expenses incurred in defending a threatened or pending action which is settled or otherwise disposed of without court approval unless it is settled with the approval of the Attorney General.

Section 12.4   **Indemnification Against Expenses**.  To the extent that an agent of the Corporation has been successful on the merits in defense of any proceeding referred to in Section 11.2 or 11.3 of this Article or in defense of any claim, issue, or matter therein, the agent shall be indemnified against expenses actually and reasonably incurred by the agent in connection therewith.

Section 12.5   **Required Determination**.  Except as provided in Section 11.4 of this Article, any indemnification under this Article shall be made by the Corporation only authorized in the specific case, upon a determination that indemnification of the agent is proper in the circumstances because the agent has met the applicable standard of conduct set forth in Sections 11.2 or 11.3 of this Article, by:

(a)      a majority vote of a quorum consisting of Board members who are not parties to such proceeding;

(b)      approval of the Board with the persons to be indemnified not being entitled to vote thereon; or

(c)      the court in which such proceeding is or was pending upon application made by the Corporation or the agent or the attorney or other person rendering services in connection with the defense, whether or not such application by the agent, attorney or other person is opposed by the Corporation.

6FL3700.DOC

DocuSign Envelope ID: C6E0A379-A443-430A-9A70-7C1CCCE78115

Section 12.6   **Advance of Expenses**.   Expenses incurred in defending any proceeding may be advanced by the Corporation prior to the final disposition of such proceeding upon receipt of an undertaking by or on behalf of the agent to repay such amount unless it shall be determined ultimately that the agent is entitled to be indemnified as authorized in this Article.

Section 12.7   **Other Indemnification**.   No provision made by the Corporation to indemnify its Board members or officers for the defense of any proceeding shall be valid unless consistent with this Article XI. Nothing contained in this Article XI shall affect any right to indemnification to which persons other than such Board members and officers may be entitled by contract or otherwise.

Section 12.8   **Forms of Indemnification not Permitted**.   No indemnification or advance shall be made under this Article XI, except as provided in Section 11.4 or 11.5(c), in any circumstance where it appears that:

(a)   It would be inconsistent with a provision of the Articles of Incorporation, Bylaws, a resolution of the Board, or an agreement in effect at the time of the accrual of the alleged cause of action asserted in the proceeding in which the expenses were incurred or other amounts were paid, which prohibits or otherwise limits indemnification; or

(b)   It would be inconsistent with any condition expressly imposed by a court in approving a settlement.

Section 12.9   **Insurance**.   The Corporation shall have power to purchase and maintain insurance on behalf of any agent of the Corporation against any liability asserted against or incurred by the agent in such capacity or arising out of the agent's status as such whether or not the Corporation would have the power to indemnify the agent against such liability under the provisions of this Article XI.

- 24 -

6FI.3700.DOC

DocuSign Envelope ID: O6E0A379-A443-430A-9A70-7C1CCCE78115

## CERTIFICATION OF SECRETARY

The undersigned secretary of The Armand Hammer Foundation, Inc., hereby certifies that

the Bylaws of the Corporation, as amended and restated and attached hereto were adopted by the

Board of Directors of the Corporation effective as of the $\underline{18}$ day of November, 2020.

DocuSigned by:

*Rex Alexander*

F617EDF0E18046D...

Rex Alexander, Secretary

6FL3700.DOC

# EXHIBIT "2"



ARMAND HAMMER FOUNDATION

October 26, 2022

To the Board of Directors of The Armand Hammer Foundation,

As you are well aware, because of the severe downturn in the markets, we have debts of approximately $750,000 that we cannot pay without taking huge additional losses in the market by selling securities. It is fiscally irresponsible to do so or make additional donations to any charity until we solve our own financial issues and make sure we can satisfy our debts. We are working on solutions to minimize damages to the Foundation and will report at our next scheduled meeting.

Sincerely,

Rex Alexander
Chairman/Secretary

800 SW 3rd Street, Suite 100 W  •  Pompano Beach  •  Florida 33060
Phone: (803) 694-1771  •  Fax: (803) 694-1778

**EXHIBIT "2"**

# EXHIBIT "3"

| | |
|---|---|
| **From:** | Viktor Hammer |
| **To:** | Rex Alexander |
| **Cc:** | Pete Sansone; Jim Fraser; Misty Hammer; Randy Barton; Mark L. Alfano; Big Dave Smith |
| **Subject:** | Re: Letter |
| **Date:** | Wednesday, October 26, 2022 2:25:54 PM |

Rex,

Please advise under what authority you are canceling all foundation pledges.  It is Jim, Pete, and my understanding that that would require a board resolution.

Further, if the foundation will not be honoring pledges, then it is our request that all third party vendors also cease activity until the foundation is able to resolve its financial situation.

Viktor

> On Oct 26, 2022, at 13:48, Rex Alexander <rexalexander5@icloud.com> wrote:

> <AF.pdf>

> Sent from my iPhone

**EXHIBIT "3"**

# EXHIBIT "4"

1  NELSON MULLINS RILEY & SCARBOROUGH
   Atlantic Station
2  201 17th Street NW, Ste. 1700
   Atlanta, GA 30363
3  Tel: (404) 322-6000
   Fax: (404) 322-6050
4  S. Wade Malone
   wade.malone@nelsonmullins.com
5
   REICKER, PFAU, PYLE & McROY LLP
6  1421 State Street, Suite B
   Santa Barbara, CA 93101
7  Tel (805) 966-2440
   Fax (805) 966-3320
8  Meghan K Woodsome (State Bar No. 272459)
9  mwoodsome@rppmh.com
   Cory T. Baker (State Bar No. 315763)
10 cbaker@rppmh.com
11 Attorneys for Plaintiff The Armand Hammer Foundation, Inc.

12
              SUPERIOR COURT OF THE STATE OF CALIFORNIA
13
         FOR THE COUNTY OF SANTA BARBARA—ANACAPA DIVISION
14

15 THE ARMAND HAMMER FOUNDATION,      )  Case No.
   INC., a Florida Not For Profit Corporation, )  Judge:
16                                     )
17               Plaintiffs,           )  DECLARATION OF DAVID SMITH IN
                                       )  SUPPORT OF ORDER TO SHOW CAUSE FOR
18 vs.                                 )  TEMPORARY RESTRAINING ORDER
                                       )
19 REX K. ALEXANDER, an individual, MISTY )
   HAMMER, an individual, MARK L. ALFANO, )
20 an individual, BULL CANYON, INC., a   )
   California Corporation, and DOES 1 through 50, )
21 inclusive                           )
                                       )
22 _____ )
                Defendants.            )
23
       I, David Richard Smith, declare:
24
       1.     I make this declaration on personal knowledge.  If called on to do so, I could and would
25
   testify competently to the contents of this declaration.
26
       2.     I first met Michael Hammer over twenty-five years ago. He was my friend and I cared
27
   about him very much.
28
                                       1
   _____
                        DECLARATION OF DAVID SMITH
                                                     **EXHIBIT "4"**

3.     I was hired by Michael Hammer as his personal assistant in or about 1999, and I was made the Chief Administrator, Head of Security for The Armand Hammer Foundation, Inc. ("Foundation") in or about 2006. So for the better part of sixteen (16) years, I primarily worked out of the Foundation office, located at 3501 Via Real, Carpentaria, California.

4.     I have observed concerning actions by Rex Alexander and Mark Alfano.

5.     For as long as I can remember, artwork belonging to the Foundation, that I am informed and believe to be valued in the millions, has been stored at the Foundation office.

6.     During the period of October and November 2022, Mark Alfano relocated valuable pieces of art owned by the Foundation to a separate warehouse.

7.     Mark Alfano told the woman who has cleaned the Foundation office every Monday and Thursday for the past ten years to not come in for work because Mark was "moving things." Mark Alfano also brought in a moving crew to relocate art belonging to the Foundation.

8.     I have also noticed Mark Alfano retrieving mail from the Foundation's postal box across the street from the California Foundation office. It is unusual for Mark Alfano to be retrieving mail for the Foundation. When I looked at the mail Mark Alfano brought into the office, I noticed a letter from U.S. Bank addressed to Mark Alfano's attorney, Jeff Katofsky, regarding the formation of Padaro Collection LLC.

9.     On November 1, 2022, Rex Alexander called me to tell me that I was being terminated from the Foundation as of December 31, 2022.

10.     The next day, on November 2, 2022, I showed up to the Foundation office for work, and I was locked out. The locks had been changed and my door clicker did not work.

11.     I believe Mark Alfano locked me out of the office because I was concerned about and looking into his relocation of Foundation art.

12.     Mark Alfano previously locked me out of the Foundation office in 2019 when Mark Alfano was a defendant in an insurance fraud prosecution.

13.     Since the date on which Rex Alexander conveyed that I would be terminated, I have had my access to the Foundation computer system revoked, that system includes access to the inventory of

2

DECLARATION OF DAVID SMITH

1   Foundation art.

2       14.    On November 25, 2022, Viktor Hammer, who had been elected President of the

3   Foundation by the Foundation Board that day, instructed me to secure the Foundation office and to call

4   a locksmith in the case that I was unable to gain entry to the office.

5       15.    I showed up at the Foundation office the morning of November 25, 2022 with Mike

6   McGrew, a retired Santa Barbara police officer and long-time friend of the late Michael Hammer. The

7   gate arm was closed, and the codes had been changed.

8       16.    At Viktor Hammer's instruction, Mike McGrew called a locksmith company, to open

9   the gate.

10      17.    The locksmith opened the gate, and Mike McGrew and I drove past the gate.

11      18.    Not long thereafter, two police vehicles arrived. A police officer told us that someone

12   called the police alleging that Mike McGrew and I were trespassing. I told the police officer that

13   Viktor Hammer, the President of the Foundation, authorized us to be at the Foundation office and to

14   take these actions.

15      19.    Mark Alfano then arrived at the Foundation office as a passenger in another man's

16   vehicle. I recognized the driver as one of Mark Alfano's confidants, Cecil Kyte.

17      20.    The police separated Mike McGrew and I to ask us questions. I told the police officer

18   that I am employed by the Foundation as the Chief Administrator, Head of Security.

19      21.    The police officer told me that he had a conversation with Misty Hammer, and she told

20   him that I no longer work for the Foundation.

21      22.    The police officers escorted Mike McGrew and I off the Foundation property, and he

22   instructed us not to return until we have documentation, such as a court order, that authorizes us to be

23   at the Foundation office.

24      23.    I complied with the police officers' instructions and left the premises.

25      I declare under penalty of perjury under the laws of the State of California that the foregoing is

26   true and correct.  Executed this _7_ day of December, 2022.

27

28

<div align="center">3</div>

---

<div align="center">DECLARATION OF DAVID SMITH</div>

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

David Smith

4

## All Purpose Acknowledgement

State of *Utah*
County of *Utah*

On *December 7 2022* , before me, *Lorie Wright*         ,
　　　　　　(date)　　　　　　　　　　　　　(notary)

personally appeared, *David Richard Smith*         ,
　　　　　　　　　　　　　　　(signers)

☐ personally known to me -- OR -- ☒ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument

WITNESS my hand and official seal

```
LORIE WRIGHT
NOTARY PUBLIC • STATE OF UTAH
My Commission Expires May 26, 2024
COMMISSION NUMBER 712184
```

　　　　　(seal)

_____
　　　　　　(notary signature)

# EXHIBIT "5"

 **NELSON MULLINS**

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AND COUNSELORS AT LAW

201 17th Street NW, Suite 1700
Atlanta, GA 30363, UNITED STATES OF AMERICA
T: 404.322.6000  F: 404.322.6050
nelsonmullins.com

November 9, 2022

**By Email and FedEx**
Mr. Mark Alfano
150 Toro Canyon Road
Carpinteria, CA 93013
mark@bullcanyoninc.com

    RE:    **Cease and Desist – Armand Hammer Foundation, Inc.**

Dear Mr. Alfano:

    We write on behalf of Viktor Hammer, Jim Fraser, and Pete Sansone, members of the Board of Directors of the Armand Hammer Foundation, Inc. ("Foundation") to demand that you immediately cease and desist transferring assets and moving property from the Foundation.

    You have no right or authority to transfer or move any Foundation assets or property. Our clients, as members of the Board of Directors of the Foundation, demand you cease these unlawful efforts immediately and desist from any such efforts going forward. Please return any property or assets you removed to the Foundation offices immediately and provide an inventory of those items. Please confirm by reply letter by Thursday, November 10, 2022, that you have ceased these efforts and returned everything taken from the Foundation. Should you decline to do so or should you persist in such unlawful actions, our clients will aggressively pursue all legal remedies.

    This letter does not contain an exhaustive statement of our position and it does not constitute a waiver or limitation of any legal or equitable rights, all of which are expressly reserved.

        Regards,

        S. Wade Malone

cc:    Jeff Katofsky, Esq. (jeff@katofskylaw.com)
       David C. Banker, Esq. (dbanker@bushross.com)
       Russell Love, Esq.

CALIFORNIA | COLORADO | DISTRICT OF COLUMBIA | FLORIDA | GEORGIA | MARYLAND | MASSACHUSETTS
MINNESOTA | NEW YORK | NORTH CAROLINA | OHIO | SOUTH CAROLINA | TENNESSEE | TEXAS | VIRGINIA | WEST VIRGINIA

**EXHIBIT "5"**

November 9, 2022
Page 2

Lucas A. Westby, Esq.

# EXHIBIT "6"

 **NELSON MULLINS**

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AND COUNSELORS AT LAW

201 17th Street NW, Suite 1700
Atlanta, GA 30363, UNITED STATES OF AMERICA
T: 404.322.6000  F: 404.322.6050
nelsonmullins.com

November 9, 2022

**By Email and FedEx**
Mr. Rex Alexander
32087 Winslow Drove
Houston, TX 77441
rexalexander@hotmail.com

    RE:   **Cease and Desist – Armand Hammer Foundation, Inc.**

Dear Mr. Alexander:

    We write on behalf of Viktor Hammer, Jim Fraser, and Pete Sansone, members of the Board of Directors of the Armand Hammer Foundation, Inc. ("Foundation") to demand you immediately cease and desist from engaging in unauthorized actions on behalf of the Foundation.

    You have been taking unilateral actions on behalf of the Foundation that require Board approval, including terminating employees, and refusing to make payments and fulfill grants that have been approved by the Board of Directors.

    You have no right or authority to unilaterally engage in these actions on behalf of the Foundation. Our clients, as members of the Board of Directors of the Foundation, demand you cease these unauthorized actions immediately and desist from any such actions going forward. Please confirm by reply letter by Thursday, November 10, 2022, that you will cease these unlawful and unauthorized actions and desist from such actions. Should you decline to do so or should you persist in such unauthorized actions, our clients will aggressively pursue all legal remedies.

    This letter does not contain an exhaustive statement of our position and it does not constitute a waiver or limitation of any legal or equitable rights, all of which are expressly reserved.

Regards,

S. Wade Malone

CALIFORNIA | COLORADO | DISTRICT OF COLUMBIA | FLORIDA | GEORGIA | MARYLAND | MASSACHUSETTS
MINNESOTA | NEW YORK | NORTH CAROLINA | OHIO | SOUTH CAROLINA | TENNESSEE | TEXAS | VIRGINIA | WEST VIRGINIA

**EXHIBIT "6"**

cc:   David C. Banker, Esq. (dbanker@bushross.com)
      Russell Love, Esq.
      Lucas A. Westby, Esq.

# EXHIBIT "7"

| From: | David C. Banker |
|---|---|
| To: | Russell Love; Pete Sansone; Jim Fraser; Viktor Hammer; mistydhammer@gmail.com; rexalexander@icloud.com |
| Cc: | Wade Malone; Lucas Westby; Annefloor de Groot; tedsnyder@dwt.com; Rand Barton |
| Subject: | Improperly notice meeting - Hammer Foundation, Inc. Special Board Meeting Notice |
| Date: | Friday, November 25, 2022 7:45:30 AM |
| Attachments: | 86Y7078-Letter to Russell Love protesting special board meeting - 11 25 22.PDF |

Dear Mr. Love,

See my letter (attached) protesting today's improperly noticed meeting.  No action may be taken.

David C. Banker, Esq.
Board Certified Civil Trial Lawyer
Bush Ross, P.A.
1801 North Highland Avenue
Tampa, Florida 33602-2656
(813) 224-9255  [Phone]
(813) 223-9620  [Fax]
(813) 204-6411  [Direct Line]
(813) 784-4009  [Mobile]:
dbanker@bushross.com
www.bushross.com
Mailing Address:
Post Office Box 3913
Tampa, Florida 33601-3913

BUSH ROSS
ATTORNEYS AT LAW

**Privileged and Confidential:**  Unless otherwise indicated or obvious from the nature of the transmittal, the information contained in this message is privileged and/or confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication or any of the information in it is strictly prohibited. If you have received this communication in error, please advise the sender by reply e-mail and then delete the message. Thank you.

**From:** Russell Love <russell.love@nelsonmullins.com>
**Sent:** Monday, November 21, 2022 8:42 PM
**To:** Pete Sansone <psansone@ptd.net>; Jim Fraser <jfraser@candw.ky>; Viktor Hammer <viktorhammer@gmail.com>; mistydhammer@gmail.com; rexalexander@icloud.com
**Cc:** Wade Malone <wade.malone@nelsonmullins.com>; Lucas Westby <Lucas.Westby@nelsonmullins.com>; Annefloor de Groot <annefloor.degroot@nelsonmullins.com>; tedsnyder@dwt.com; Rand Barton <rbarton4953@gmail.com>; David C. Banker <dbanker@bushross.com>
**Subject:** [EXTERNAL] Hammer Foundation, Inc. Special Board Meeting Notice

**This Message originated outside your organization.**

See attached for a Special Meeting of the Board of the Hammer Foundation, Inc.    WE hope you can join.

Video link to the meeting is as follows:

Link: https://teams.microsoft.com/l/meetup-join/19%3ameeting_N2I3ZTY2YTYtZGM1Yy00MjcyLTg3MGItNjg5ZDg4YTQ0YTYw%40thread.v2/0?context=%7b%22Tid%22%3a%22e7612f78-cb0d-46b9-be0a-1c999a909245%22%2c%22Oid%22%3a%22dc9676de-96ac-4dba-a7d3-85318b79d467%22%7d

Meeting ID: 275 370 100 91
Passcode: HMc8tb

If you have any questions, please le tm know.

**EXHIBIT "7"**



RUSSELL P. LOVE  PARTNER
russell.love@nelsonmullins.com

ATLANTIC STATION | SUITE 1700
201 17TH STREET NW | ATLANTA, GA 30363
T 404.322.6520  F 404.322.6050

NELSONMULLINS.COM    VCARD   VIEW BIO

**Confidentiality Notice**
This message is intended exclusively for the individual or entity to which it is addressed. This communication
may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure.
If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message
or any part of it. If you have received this message in error, please notify the sender immediately either by phone
(800-237-2000) or reply to this e-mail and delete all copies of this message.



**BUSH|ROSS**
ATTORNEYS AT LAW

1801 N. Highland Avenue
Tampa, Florida 33602
(813) 224-9255[Phone]
(813) 223-9620 [Fax]
www.bushross.com

DAVID C. BANKER
dbanker@bushross.com
(813) 204-6411 [Direct Line]

Mailing Address:
Post Office Box 3913
Tampa, Florida 33601-3913

November 25, 2022

**Via E-mail:** russell.love@nelsonmullins.com

Russell P. Love, Esquire
Nelson Mullins Riley & Scarborough LLP
201 17th Street NW, Suite 1700
Atlanta, GA 30363

       Re:    The Armand Hammer Foundation, Inc.

Dear Mr. Love:

       We are in receipt of the notice for a Special Meeting of the Board of Directors for The Armand Hammer Foundation, Inc. to be held this morning.  Please be advised that notice has not been properly furnished pursuant to Section 5.15 a., b. and Section 6.2 e. of the Bylaws of the Foundation and further fails to meet the requirements for proper notice under the Florida Not-for-Profit Corporation Act.

       Accordingly, no official action may be taken on behalf of the Foundation's Board of Directors at the meeting proposed to be held today.

       Sincerely,

*David C. Banker*

David C. Banker

DCB/kd
cc:    Rex Alexander, Acting Chairman of the Board and Secretary
       Randall K. Barton, Esquire

86Y3312.DOCX

# EXHIBIT "8"

Misty Hammer
1033 West Bay Road Suite 404
7 Mile Beach, Grand Cayman KY 11209

November 25, 2022

Dear friends,

Some of you have already heard the news, but for those who may have not, I want to let you know that our beloved Michael passed away on November 20. His death is a monumental loss to the world as much as it is to those of us who knew him personally.

There are **many** beautiful things that I could share with you about the past year with Michael, which has been the hardest of our lives, daily fighting cancer and watching him go from a strong, vital, energetic man to losing him entirely. Your prayers, texts and phone calls, and all your support near and far held us up during the fight. I take a small measure of peace knowing that we did truly everything we could each day for Michael, and that gave us a whole year of life together. I consider each day we had together to be a beautiful gift. What's more, I look back with profound awe at all you have done to help and support Michael, because that's the kind of friend Michael was, the kind that always reached out to help anyone who needed it.

I want to take the opportunity to clarify that I along with Michael's legal representatives have decided to hold a Celebration of Life after the holidays in the new year. If you have heard anything to the contrary, I am sorry for the confusion. Michael made it clear that he wanted me and his son, Armie, to arrange his memorial, and we agree that this will be the best timing with the practicalities and intensity of grief. You will all be invited, and I hope that many of you will be able to attend either physically or in spirit.

Finally, some of you may have been contacted directly with false statements surrounding Michael's wishes and the leadership of the Foundation. These disparaging comments were hurtful to Michael and heartbreaking for those of us close to him who heard directly what he wanted done. During the time Michael was ill and even to the very end, he was generous of heart and spirit and always felt that he had more to do. At his request, I will be carrying on his spirit of generosity and giving.

With gratitude,

Misty Hammer

**EXHIBITI "8"**

# EXHIBIT "9"

1  NELSON MULLINS RILEY & SCARBOROUGH
   Atlantic Station
2  201 17th Street NW, Ste. 1700
   Atlanta, GA 30363
3  Tel: (404) 322-6000
   Fax: (404) 322-6050
4  S. Wade Malone
   wade.malone@nelsonmullins.com
5
   REICKER, PFAU, PYLE & McROY LLP
6  1421 State Street, Suite B
   Santa Barbara, CA 93101
7  Tel (805) 966-2440
   Fax (805) 966-3320
8  Meghan K Woodsome (State Bar No. 272459)
9  mwoodsome@rppmh.com
   Cory T. Baker (State Bar No. 315763)
10 cbaker@rppmh.com

11 Attorneys for Plaintiff The Armand Hammer Foundation, Inc.

12

13             SUPERIOR COURT OF THE STATE OF CALIFORNIA

14          FOR THE COUNTY OF SANTA BARBARA—ANACAPA DIVISION

15 THE ARMAND HAMMER FOUNDATION,        )  Case No.
   INC., a Florida Not For Profit Corporation, )  Judge:
16                                       )
                                         )
17              Plaintiffs,              )  DECLARATION OF MICHAEL RAYMOND
                                         )  McGREW IN SUPPORT OF ORDER TO SHOW
18 vs.                                   )  CAUSE FOR TEMPORARY RESTRAINING
                                         )  ORDER
19 REX K. ALEXANDER, an individual, MISTY )
   HAMMER, an individual, MARK L. ALFANO, )
20 an individual, BULL CANYON, INC., a   )
   California Corporation, and DOES 1 through 50, )
21 inclusive                            )
                                         )
22              Defendants.              )

23      I, Michael Raymond McGrew declare:

24      1.      I make this declaration on personal knowledge.  If called on to do so, I could and would

25 testify competently to the contents of this declaration.

26      2.      I come from a family of first responders, and I am a retired police officer, having served

27 in the Santa Barbara police department for 31 years.

28
                                          1                    **EXHIBIT "9"**

                        DECLARATION OF MICHAEL RAYMOND McGREW

3.     I met Michael Hammer through 911 At Ease International ("At Ease"), a non-profit which Michael Hammer and I co-founded in 2014 to provide first responders and their families with free and confidential services to address the emotional injuries and traumas they so often experience.

4.     At Ease and its mission and impact on its participants were very important to Michael Hammer.

5.     Through my relationship with Michael Hammer, I met Mark Alfano and Misty Hammer.

6.     Michael Hammer and Misty Hammer married in or about 2017.

7.     Mark Alfano, Misty Hammer, and Michael Hammer served on the Board of Directors of At Ease until September 21, 2022.

8.     The Armand Hammer Foundation has made several monetary pledges to At Ease.

9.     The Armand Hammer Foundation made a $497,000 pledge in October 2021. (See Exhibit A, Email Communications Between Mark Alfano and Mike McGrew Confirming the Pledge.)

10.     On October 22, 2022, the Armand Hammer Foundation also was to make a payment of $125,000 to fulfill a pledge made as part of a series of quarterly pledges, as long as At Ease provided a financial statement for its third quarter of 2022 and met the budget guidelines per the agreement. (See Exhibit B, Letter from The Armand Hammer Foundation to Mike McGrew Regarding Pledge Completion.)

11.     At Ease provided its financial statement and met the budget guidelines set by the agreement.

12.     To date, neither the $497,000 or $125,000 pledge has been honored, despite multiple requests from At Ease to Mark Alfano in his capacity as the Treasurer of The Armand Hammer Foundation.

13.     In August 2022, I visited Mark Alfano at the California office of The Armand Hammer Foundation to address the unfulfilled pledges to At Ease. Mark refused to address the topic and evaded my concerns.

14.     Mark Alfano's refusal to honor The Armand Hammer Foundation's pledges is causing

2

financial harm to At Ease, and as a result, At Ease must make difficult decisions to suspend services in certain regions.

15.    On September 21, 2022, Misty Hammer sent the At Ease Board of Directors a letter, purporting to be written on behalf of herself, Michael Hammer, and Mark Alfano, submitting their resignation from the Board of At Ease. (See Exhibit C, Resignation Letter from Misty Hammer.)

16.    I have seen Michael Hammer's signature many times and the signature that purports to be his in the September 21, 2022 letter is unfamiliar to me.

17.    In Misty Hammer's resignation letter, she discussed their disapproval of an email I sent to the At Ease Board of Directors about the financial distress At Ease is experiencing because of the unfulfilled pledge from The Armand Hammer Foundation. On Monday, November 21, 2022, Viktor Hammer, the son of Michael Hammer, asked me to visit the California office of The Armand Hammer Foundation to inspect the premises and ensure no assets or art pieces had been moved.

18.    Upon arriving at the Foundation office that Monday, I could not gain entry, as everything was locked.

19.    On Friday November 25, 2022, Viktor, now the President of The Armand Hammer Foundation, asked me to accompany David Smith, the Chief Administrator and Head of Security for The Armand Hammer Foundation, in visiting the Foundation office for purposes of gaining entry.

20.    Per Viktor's request, I showed up at the Foundation office the morning of November 25, 2022 with David Smith in separate vehicles. The gate arm to the property was closed, and the codes had been changed.

21.    I called a locksmith company, who came and opened the gate for us.

22.    Then the sheriff department arrived, with one sergeant and two deputies.

23.    The sergeant told us that the police were called on Monday after I visited the Foundation office, and that they were called again this time because they were told that David Smith and I were trespassing.

24.    David Smith and I told the sergeant that Viktor Hammer, as the President of The Armand Hammer Foundation, authorized us to be on the property.

DECLARATION OF MICHAEL RAYMOND McGREW

25.   The sergeant then had a phone call with Misty Hammer, and the sergeant relayed to us what Misty told him-that she was a Board member of The Armand Hammer Foundation, that no Board meeting occurred, and that the Bylaws do not allow for an agent to inspect the property.

26.   Mark Alfano then arrived at the Foundation office in a vehicle with a friend of Mark's that I know by the name of Cecil Kyte.

27.   The sergeant told David and I that Mark wanted us to leave the property and that we need a court order or some other form of documentation showing that we are allowed to be at the Foundation's office. We received a verbal warning and left the premises.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.   Executed this 7th day of December, 2022, at Santa Barbara, California.

Michael McGrew

DECLARATION OF MICHAEL RAYMOND McGREW

**CALIFORNIA JURAT WITH AFFIANT STATEMENT**　　　　GOVERNMENT CODE § 8202

☐ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–6 to be completed only by document signer[s], *not* Notary)

1_____

2_____

3_____

4_____

_____

_____　　　_____
*Signature of Document Signer No. 1*　　　*Signature of Document Signer No. 2 (if any)*

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Santa Barbara

COLLEEN ROBERTS
Notary Public - California
Santa Barbara County
Commission # 2268233
My Comm. Expires Dec 18, 2022

Subscribed and sworn to (or affirmed) before me

on this 7th day of December, 2022
　　　　*Date*　　　*Month*　　*Year*

by
(1) Michael Raymond McGrew

(and (2) _____ ),
　　　　　　*Name(s) of Signer(s)*

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____
　　　　*Signature of Notary Public*

Seal
Place Notary Seal Above

─────────────── OPTIONAL ───────────────
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

Description of Attached Document  Declaration of
Title or Type of Document: Michael Raymond McGrew  Document Date: 12/7/2022
Number of Pages: 4  Signer(s) Other Than Named Above: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5910

# EXHIBIT "10"

| | |
|---|---|
| **From:** | Russell Love |
| **To:** | David C. Banker; rexalexander@hotmail.com; Rand Barton; Misty Hammer |
| **Cc:** | Viktor Hammer; Pete Sansone; Jim Fraser; Wade Malone; Lucas Westby; Annefloor de Groot |
| **Subject:** | Armand Hammer Foundation Board Meeting November 28 at 11:00 am EST |
| **Date:** | Monday, November 28, 2022 7:04:26 AM |
| **Attachments:** | hammer viktor follow up letter calling special meeting - 4871-6523-0656 1.docx |

Due to the fact that Rex Alexander has not complied with his duties as Secretary of the Armand Hammer Foundation, Inc. in sending out notice of a special board meeting as requested by 3 of the 5 board members (Viktor Hammer, Jim Fraser and Pete Sanson), we find it necessary to send out the call in number on his behalf (which is set forth below the agenda below). Attached is a copy of the demand for a meeting today that that every member received on Friday November 2 after the initial and properly called board meeting occurred. The agenda for this meeting, which was contained in that letter is as follows:

The purpose of the Special Meeting is to consider and vote on the following items:

1. Removal of Rex Alexander as a director of the Board.
2. Removal of Rex Alexander as Secretary and office holder of The Armand Hammer Foundation, Inc.

3. Removal of Misty Hammer as a director of the Board.

4. Removal of Mark Alfano as Treasurer and office holder of The Armand Hammer Foundation, Inc.

5. Authorization for Nelson Mullins Riley & Scarborough LLP to review status, assets, and financial records of The Armand Hammer Foundation, Inc.

6. Election of new Chairman of the Board and new officers of The Armand Hammer Foundation, Inc.

7. Such other actions as the directors deem appropriate.

## Microsoft Teams meeting

Join on your computer, mobile app or room device
Click here to join the meeting
Meeting ID: 282 308 913 75
Passcode: TSY2Qx
Download Teams | Join on the web
**Or call in (audio only)**
+1 404-698-1586, 350868709#   United States, Atlanta
Phone Conference ID: 350 868 709#
Find a local number | Reset PIN

**EXHIBIT "10"**



RUSSELL P. LOVE  PARTNER
russell.love@nelsonmullins.com
ATLANTIC STATION | SUITE 1700
201 17TH STREET NW | ATLANTA, GA 30363
T 404.322.6520  F 404.322.6050
NELSONMULLINS.COM   VCARD   VIEW BIO

**From:** Russell Love
**Sent:** Friday, November 25, 2022 4:57 PM
**To:** David C. Banker <dbanker@bushross.com>; rexalexander@hotmail.com; Rand Barton <rbarton4953@gmail.com>; Misty Hammer <mistydhammer@gmail.com>
**Cc:** Viktor Hammer <viktorhammer@gmail.com>; Pete Sansone <psansone@ptd.net>; Jim Fraser <jfraser@candw.ky>; Wade Malone <wade.malone@nelsonmullins.com>; Lucas Westby <Lucas.Westby@nelsonmullins.com>; Annefloor de Groot <annefloor.degroot@nelsonmullins.com>
**Subject:** Armand Hammer Foundation

I am in receipt of the allegations contained in your 10:41 a.m. letter earlier today.   We have evaluated your contentions and they are absolutely rejected.

We do not understand why Rex Alexander, Misty Hammer and Mark Alfano are challenging the validity of the notice provided.  Challenging the validity is merely delaying the inevitable.

The Special Meeting, as noticed on Monday, November 21, went forward.  The Special Meeting started at 10:10 a.m. this morning to give Board members who wanted to attend time to join.  In attendance  and participating were Board members Jim Fraser, Viktor Hammer and Pete Sansone. For your information, I have attached are the minutes from the meeting. The agenda was followed with the items  properly considered, voted upon and unanimously passed.

While we reject your contention, to avoid any dispute and on behalf of Viktor Hammer, Jim Fraser and Pete Sansone (in their capacity as members of the Board of Directors of Armand Hammer Foundation) hereby demand that Rex Alexander (or the current Secretary of the Armand Hammer Foundation) send out a notice for a Special Meeting to occur on Monday, November 28 at 11:00 am EST.

See attached for the demand for a meeting and the purpose of the Special Meeting contained in letter attached.

If you would like to discuss, let me know and I am available at your convenience.



RUSSELL P. LOVE  PARTNER
russell.love@nelsonmullins.com
ATLANTIC STATION | SUITE 1700
201 17TH STREET NW | ATLANTA, GA 30363
T 404.322.6520   F 404.322.6050
**NELSONMULLINS.COM**   VCARD   **VIEW BIO**



**NELSON MULLINS**

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AND COUNSELORS AT LAW

Russell P. Love
T: 404.322.6520
russell.love@nelsonmullins.com

201 17th Street NW, Suite 1700
Atlanta, GA 30363
T: 404.322.6000  F: 404.322.6050
nelsonmullins.com

November 25, 2022

Mr. Rex Alexander
c/o David C. Banker
Via Email

David C. Banker, Esq.
dbanker@bushross.com
Bush Ross
1801 N. Highland Avenue
Tampa, FL 33602

Randy Barton, Esq.
Via Email

   RE: Armand Hammer Foundation, Inc. (the "Foundation")

Gentlemen:

  I am in receipt of the allegations contained in your 10:41 a.m. letter earlier today.   We have evaluated your contentions and they are absolutely rejected.

  We do not understand why Rex Alexander, Misty Hammer and Mark Alfano are challenging the validity of the notice provided.  Challenging the validity is merely delaying the inevitable.

  The Special Meeting, as noticed on Monday, November 21, went forward.  The Special Meeting started at 10:10 a.m. this morning to give Board members who wanted to attend time to join.  In attendance  and participating were Board members Jim Fraser, Viktor Hammer and Pete Sansone.  For your information, I have attached are the minutes from the meeting.

  The agenda was followed with the items  properly considered, voted upon and unanimously passed.

  While we reject your contention, to avoid any dispute and on behalf of Viktor Hammer, Jim Fraser and Pete Sansone (in their capacity as members of the Board of Directors of Armand Hammer Foundation) hereby demand that Rex Alexander (or the current Secretary of the Armand Hammer Foundation) send out a notice for a Special Meeting to occur on Monday, November 28

CALIFORNIA | COLORADO | DISTRICT OF COLUMBIA | FLORIDA | GEORGIA | MARYLAND | MASSACHUSETTS
MINNESOTA | NEW YORK | NORTH CAROLINA | OHIO | SOUTH CAROLINA | TENNESSEE | TEXAS | VIRGINIA | WEST VIRGINIA

October 7, 2022
Page 2

at 11:00 am EST.  The purpose of the Special Meeting is to consider and vote on the following items:

1.    Removal of Rex Alexander as a director of the Board.

2.    Removal of Rex Alexander as Secretary and office holder of The Armand Hammer Foundation, Inc.

3.    Removal of Misty Hammer as a director of the Board.

4.    Removal of Mark Alfano as Treasurer and office holder of The Armand Hammer Foundation, Inc.

5.    Authorization for Nelson Mullins Riley & Scarborough LLP to review status, assets, and financial records of The Armand Hammer Foundation, Inc.

6.    Election of new Chairman of the Board and new officers of The Armand Hammer Foundation, Inc.

7.    Such other actions as the directors deem appropriate.


My clients expect that Rex Alexander will send this notice of special meeting out in a timely fashion so that proper notice is given.  His failure to do so will be deemed a breach of his fiduciary duty to the Foundation.

Very truly yours,



Russell P. Love

RPL:rl
Enclosure

cc:    Viktor Hammer
       Jim Fraser
       Pete Sansone

# EXHIBIT "11"

| | |
|---|---|
| **From:** | David C. Banker |
| **To:** | Russell Love |
| **Cc:** | rexalexander@hotmail.com; Rand Barton; Misty Hammer; Viktor Hammer; Pete Sansone; Jim Fraser; Wade Malone; Lucas Westby; Annefloor de Groot |
| **Subject:** | Re: [EXTERNAL] RE: Armand Hammer Foundation Board Meeting November 28 at 11:00 am EST |
| **Date:** | Monday, November 28, 2022 7:51:19 AM |

Mr. Love,

You have not properly noticed a Board meeting for today, and no Board action may be taken today.

Sent from my iPhone

David C. Banker, Esq.
Board Certified Civil Trial Lawyer
Bush Ross, P.A.
1801 North Highland Avenue
Tampa, Florida 33602-2656
(813) 224-9255  [Phone]
(813) 223-9620  [Fax]
(813) 204-6411  [Direct Line]
(813) 784-4009  [Mobile]:
dbanker@bushross.com
www.bushross.com
Mailing Address:
Post Office Box 3913
Tampa, Florida 33601-3913



**Privileged and Confidential:** Unless otherwise indicated or obvious from the nature of the transmittal, the information contained in this message is privileged and/or confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication or any of the information in it is strictly prohibited. If you have received this communication in error, please advise the sender by reply e-mail and then delete the message. Thank you.

On Nov 28, 2022, at 10:08 AM, Russell Love <russell.love@nelsonmullins.com> wrote:

**"External Email"**

Correction in the email below.  The correct date that each member received the demand for a meeting is November 25, 2022

**EXHIBIT "11"**



RUSSELL P. LOVE  PARTNER
russell.love@nelsonmullins.com
ATLANTIC STATION | SUITE 1700
201 17TH STREET NW | ATLANTA, GA 30363
т 404.322.6520  ғ 404.322.6050
NELSONMULLINS.COM   VCARD  VIEW BIO

**From:** Russell Love
**Sent:** Monday, November 28, 2022 10:04 AM
**To:** 'David C. Banker' <dbanker@bushross.com>; 'rexalexander@hotmail.com'
<rexalexander@hotmail.com>; 'Rand Barton' <rbarton4953@gmail.com>; 'Misty
Hammer' <mistydhammer@gmail.com>
**Cc:** 'Viktor Hammer' <viktorhammer@gmail.com>; 'Pete Sansone'
<psansone@ptd.net>; 'Jim Fraser' <jfraser@candw.ky>; Wade Malone
<wade.malone@nelsonmullins.com>; Lucas Westby
<Lucas.Westby@nelsonmullins.com>; Annefloor de Groot
<annefloor.degroot@nelsonmullins.com>
**Subject:** Armand Hammer Foundation Board Meeting November 28 at 11:00 am EST

Due to the fact that Rex Alexander has not complied with his duties as Secretary of the
Armand Hammer Foundation, Inc. in sending out notice of a special board meeting as
requested by 3 of the 5 board members (Viktor Hammer, Jim Fraser and Pete Sanson),
we find it necessary to send out the call in number on his behalf (which is set forth
below the agenda below).  Attached is a copy of the demand for a meeting today that
that every member received on Friday November 2 after the initial and properly called
board meeting occurred.  The agenda for this meeting, which was contained in that
letter is as follows:

The purpose of the Special Meeting is to consider and vote on the following items:

<!--[if !supportLists]-->1.      <!--[endif]-->Removal of Rex Alexander as a
director of the Board.

<!--[if !supportLists]-->2.      <!--[endif]-->Removal of Rex Alexander as
Secretary and office holder of The Armand Hammer Foundation, Inc.

<!--[if !supportLists]-->3.      <!--[endif]-->Removal of Misty Hammer as a
director of the Board.

<!--[if !supportLists]-->4.        <!--[endif]-->Removal of Mark Alfano as Treasurer and office holder of The Armand Hammer Foundation, Inc.

<!--[if !supportLists]-->5.        <!--[endif]-->Authorization for Nelson Mullins Riley & Scarborough LLP to review status, assets, and financial records of The Armand Hammer Foundation, Inc.

<!--[if !supportLists]-->6.        <!--[endif]-->Election of new Chairman of the Board and new officers of The Armand Hammer Foundation, Inc.

<!--[if !supportLists]-->7.          <!--[endif]-->Such other actions as the directors deem appropriate.

## Microsoft Teams meeting
**Join on your computer, mobile app or room device**
Click here to join the meeting
Meeting ID: 282 308 913 75
Passcode: TSY2Qx
Download Teams | Join on the web
**Or call in (audio only)**
+1 404-698-1586,,350868709#   United States, Atlanta
Phone Conference ID: 350 868 709#
Find a local number | Reset PIN



RUSSELL P. LOVE   PARTNER
russell.love@nelsonmullins.com

ATLANTIC STATION | SUITE 1700
201 17TH STREET NW | ATLANTA, GA 30363
T 404.322.6520   F 404.322.6050
NELSONMULLINS.COM   VCARD   VIEW BIO

**From:** Russell Love
**Sent:** Friday, November 25, 2022 4:57 PM
**To:** David C. Banker <dbanker@bushross.com>; rexalexander@hotmail.com; Rand Barton <rbarton4953@gmail.com>; Misty Hammer <mistydhammer@gmail.com>
**Cc:** Viktor Hammer <viktorhammer@gmail.com>; Pete Sansone <psansone@ptd.net>; Jim Fraser <jfraser@candw.ky>; Wade Malone <wade.malone@nelsonmullins.com>;

Lucas Westby <Lucas.Westby@nelsonmullins.com>; Annefloor de Groot
<annefloor.degroot@nelsonmullins.com>

**Subject:** Armand Hammer Foundation

I am in receipt of the allegations contained in your 10:41 a.m. letter earlier today.   We
have evaluated your contentions and they are absolutely rejected.

We do not understand why Rex Alexander, Misty Hammer and Mark Alfano are
challenging the validity of the notice provided.   Challenging the validity is merely
delaying the inevitable.

The Special Meeting, as noticed on Monday, November 21, went forward.   The Special
Meeting started at 10:10 a.m. this morning to give Board members who wanted to
attend time to join.   In attendance  and participating were Board members Jim Fraser,
Viktor Hammer and Pete Sansone.   For your information, I have attached are the
minutes from the meeting. The agenda was followed with the items     properly
considered, voted upon and unanimously passed.

While we reject your contention, to avoid any dispute and on behalf of Viktor Hammer,
Jim Fraser and Pete Sansone (in their capacity as members of the Board of Directors of
Armand Hammer Foundation) hereby demand that Rex Alexander (or the current
Secretary of the Armand Hammer Foundation) send out a notice for a Special Meeting
to occur on Monday, November 28 at 11:00 am EST.

See attached for the demand for a meeting and the purpose of the Special Meeting
contained in letter attached.

If you would like to discuss, let me know and I am available at your convenience.



RUSSELL P. LOVE  PARTNER
russell.love@nelsonmullins.com
ATLANTIC STATION | SUITE 1700
201 17TH STREET NW | ATLANTA, GA 30363
T 404.322.6520  F 404.322.6050
NELSONMULLINS.COM   VCARD   VIEW BIO

**Confidentiality Notice**
This message is intended exclusively for the individual or entity to which it is
addressed. This communication may contain information that is proprietary,
privileged, confidential or otherwise legally exempt from disclosure. If you are
not the named addressee, you are not authorized to read, print, retain, copy or
disseminate this message or any part of it. If you have received this message in

error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.

# EXHIBIT "12"

# Barton Law Offices

77564 Country Club Drive, Suite 140 | Palm Desert, CA 92211 | rbarton4953@gmail.com | 918.200.1000

December 6, 2022

Board of Directors
The Armand Hammer Foundation
Hammer International Foundation

RE:     Resignation

Ladies and Gentlemen:

This letter will confirm that I resign my role as part-time "General Counsel" for both organizations effective immediately without prejudice as to amounts owed me for compensation of past services.

This will also confirm that since the death of Michael Armand Hammer I have provided no services to The Armand Hammer Foundation.

Best Regards,

Randall K. Barton

Estate, Tax, Business, Charitable, & Investment Strategies | Member Idaho Bar

**EXHIBIT "12"**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(NAME AND ADDRESS)*: | | TELEPHONE NO.: | *FOR COURT USE ONLY* |
|---|---|---|---|
| Meghan K. Woodsome | SBN: 272459 | 805-966-2440 | ELECTRONICALLY FILED |
| REICKER PFAU PYLE & McROY LLP | | | Superior Court of California |
| 1421 State Street, Suite B, Santa Barbara, CA 93101 | | | County of Santa Barbara |
| fax: 805-966-3320   e-mail: mwoodsome@rppmh.com | | | Darrel E. Parker, Executive Officer |
| ATTORNEY FOR *(NAME)*: Plaintiff | | | 12/7/2022 9:41 PM |

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
12/7/2022 9:41 PM
By: Narzralli Baksh , Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA**

| ☒ Santa Barbara–Anacapa | ☐ Santa Maria-Cook | ☐ Lompoc Division |
|---|---|---|
| 1100 Anacapa Street | 312-C East Cook Street | 115 Civic Center Plaza |
| Santa Barbara, CA  93101 | Santa Maria, CA  93454 | Lompoc, CA  93436 |

PLAINTIFF: The Armand Hammer Foundation, Inc.

DEFENDANT:   Rex K. Alexander, et al.

| **CIVIL CASE COVER SHEET ADDENDUM** | CASE NUMBER: 22CV04810 |
|---|---|

Santa Barbara County Superior Court Local Rule, rule 201 divides Santa Barbara County geographically into two separate regions referred to as "South County" and "North County," the boundaries of which are more particularly defined in rule 201.  "South County" includes the cities of Carpinteria, Santa Barbara, and Goleta; "North County" includes the cities of Santa Maria, Lompoc, Buellton and Solvang.  A map depicting this geographical division is contained in Appendix 1 to the local rules.

Local Rule 203 provides: "When, under California law, 'North County' would be a 'proper county' for venue purposes, all filings for such matters shall be in the appropriate division of the Clerk's office in North County.  All other filings shall be made in the Clerk's office in the appropriate division of the Court in South County.  The title of the Court required to be placed on the first page of documents pursuant to CRC 2.111 includes the name of the appropriate Court division."

A plaintiff filing a new complaint or petition is required by Local Rule 1310 to complete and file this Civil Case Cover Sheet Addendum to state the basis for filing in North County or South County.

The undersigned represents to the Court:

This action is filed in  ☐ North County  ☒ South County  because venue is proper in this region for the following reason(s):

☒  A defendant resides or has its principal place of business in this region at:  Mark L. Alfano, 150 Toro Canyon Road, Carpinteria, CA 93013; Bull Canyon, Inc., 150 Toro Canyon Road, Carpinteria, CA 93013

☒  The personal injury, damage to property, or breach of contract that is claimed in the complaint occurred in this region at: Carpinteria, CA

☐  There is a related case filed with the court in this region (e.g., the related personal injury action to a petition to transfer structured settlement payments) [identify case, including case number]: _____

☐ Venue is otherwise proper in this region because [explain]: _____

Dated:  December 7, 2022

*Meghan K. Woodsome*
Signature of Plaintiff or Plaintiff's Counsel

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** REX K. ALEXANDER, an individual, MISTY
***(AVISO AL DEMANDADO):*** HAMMER, an individual, MARK L. ALFANO,
an individual, BULL CANYON, INC., a California corporation, and DOES
1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** THE ARMAND HAMMER
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):*** FOUNDATION, INC., a
Florida Not For Profit Corporation

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*
ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
12/7/2022 9:41 PM
By: Narzralli Baksh , Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Santa Barbara
1100 Anacapa Street
Santa Barbara, California  93121-1107

CASE NUMBER:
*(Número del Caso):* 22CV04810

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Meghan K. Woodsome
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
REICKER PFAU PYLE & McROY LLP
1421 State Street, Suite B, Santa Barbara, CA 93101                     805-966-2440

DATE:
*(Fecha)*   12/7/2022

Clerk, by
*(Secretario)*  /s/ Narzralli Baksh

, Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)

[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*
Westlaw Doc & Form Builder℠

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:  1100 Anacapa Street<br>CITY AND ZIP CODE:  Santa Barbara CA  93101<br>BRANCH NAME:  Anacapa | **FILED**<br>SUPERIOR COURT of CALIFORNIA<br>COUNTY of SANTA BARBARA<br>**12/08/2022**<br>Darrel E. Parker, Executive Officer<br>BY  Baksh, Narzralli<br>Deputy Clerk |
| CAPTION:<br>**The Armand Hammer Foundation Inc  vs Rex K Alexander  et al** | |
| **ORDER AND NOTICE OF CASE ASSIGNMENT;<br>NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>**22CV04810** |

The above case is hereby assigned to Judge **Colleen K Sterne** for ALL purposes, including trial.  All future matters, including ex-parte matters, are to be scheduled with the assigned judge.  Counsel shall include the name of the assigned judge in the caption of every document filed with the court.  The above-entitled case is hereby ordered set for:

**Case Management Conference on 04/10/2023 at 8:30 AM in SB Dept 5** at the court address above.

PLAINTIFF SHALL GIVE NOTICE of this assignment to ALL parties brought into the case, including but not limited to defendants, cross-defendants and intervenors.  A Proof of Service of this ORDER & NOTICE OF CASE ASSIGNMENT is to be filed with the Court within five (5) working days after service.  Failure to give notice and file proof thereof or failure to appear may result in the imposition of sanctions.  Pursuant to California Rule of Court 3.725, no later than fifteen (15) calendar days before the date set for the Case Management Conference, each party must file a Case Management Statement (Judicial Council form CM110).  In lieu of each party filing a separate Case Management Statement, any two or more parties may file a joint statement.

Appearance by Zoom video conference is currently optional for Civil Case Management Conferences.
Please refer to the court's website for information about remote proceedings
https://www.sbcourts.org/gi/notices/InfoRemoteAppearances.pdf.
Use the links provided to access the Remote Hearing Information flyer in English
https://www.sbcourts.org/gi/notices/Zoom_Instructions.pdf, and in Spanish
https://www.sbcourts.org/gi/notices/Zoom_InstructionsSP.pdf.  Or visit the to the court's website at www.sbcourts.org and click on Remote Appearance by Zoom.

At the Court's discretion counsel, parties and insurance representatives (if any) with full settlement authority may be required to attend a CADRe Information Meeting within ten (10) days of the Conference date.

Dated:  12/8/2022

*Pauline Maxwell*

Judge of the Superior Court
Pauline Maxwell

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that I am not a party to this action and that a true copy of the foregoing was mailed first class, postage prepaid, in a sealed envelope addressed as shown, and that the mailing of the foregoing and execution of this certificate occurred at (place): Santa Barbara, California on: 12/08/22.

Meghan K Woodsome
Reicker Pfau Pyle & McRoy LLP
1421 State St Ste B
Santa Barbara CA  93101

Ryan E Cosgrove
Nelson Mullins Riley & Scarborough
19191 South Vermont Ave Ste 900
Torrance, CA  90502

Darrel E. Parker, Executive Officer          By          Narzralli Baksh          Deputy Clerk

# Santa Barbara County
# Superior Court

# CADRe

## (Court-Administered Dispute Resolution)

# Program Information

---

### DO YOU HAVE A
### PENDING CIVIL CASE?

This brochure explains the Santa Barbara Superior Court's CADRe Program. **CADRe is the Court's Alternative Dispute Resolution (ADR) office. CADRe is not a lawyer referral service nor an investigative or enforcement agency and CADRe staff cannot give legal advice.**

CADRe typically becomes involved in a civil case after the judge refers the case to the program at the first Case Management Conference. CADRe offers litigants a variety of options to enable faster resolution of civil disputes.

## WHY DOES THE COURT SUGGEST ADR?

ADR can be speedier and less costly than litigation. It can permit more participation by the litigants and more flexibility in finding ways to resolve a dispute, resulting in greater satisfaction with the outcome.

ADR is not appropriate for every case, however. It requires the parties to cooperate with each other to end the dispute. It may not be effective if it occurs before the parties have sufficient information to resolve the dispute. There are usually costs associated with using an ADR process and timing guidelines to consider.

## SMALL CLAIMS AND CIVIL HARASSMENT CASES

The court offers mediation of Small Claims and Civil Harassment Restraining Order cases through the Conflict Solutions Center. Any party to a Small Claims or Civil Harassment Restraining Order case can request mediation by calling the Conflict Solution Center office in Santa Barbara at (805) 963-6765 or in Santa Maria at (805) 349-8943.

## ACCESSING THE CADRE PROGRAM

Before the initial Case Management Conference (CMC), counsel and their clients are expected to discuss ADR options for the case and complete the *Case Management Statement [CM-110]*. This form must be served on the other parties and filed with the court no later than (15) calendar days prior to the CMC [refer CRC 3.725].

Referrals to CADRe are usually made at the CMC. The nature of any referral to CADRe will depend on the judge's determination of the amount in controversy at the CMC. If this amount

does not exceed $50,000.00, the judge may order the case to "Limited Mediation." If the amount in controversy exceeds $50,000.00, the judge may order the case to "CMADRESS."

Whatever the judge orders regarding ADR, the parties can go directly to the CADRe office, or call CADRe at 805-882-4661 for more information. CADRe staff will discuss ADR options and explain program procedures to allow the parties to comply with the judge's referral order.

### WHAT IS "CMADRESS?"

As of July 2005, the civil departments countywide have implemented "CMADRESS" [Case Management Alternative Dispute Resolution Early Settlement Session]. If the judge so orders, **trial counsel and their clients** will be required to attend an early settlement session with a neutral assigned by the CADRe office, usually within 90 days of the date of the CMC order. The neutral will address the potential benefits of ADR for the case and begin efforts at early settlement if indicated. See Santa Barbara Superior Court Rule 1102 or contact the CADRe office for more information about CMADRESS.

### CASES INVOLVING $50,000.00 OR LESS

If the amount in controversy in the case is $50,000.00 or less (CCP §1141), CADRe offers:

*__Limited Mediation (In Lieu of Judicial Arbitration):__* Cases with an amount in controversy of $50,000.00 or less that are subject to Judicial Arbitration may instead elect or be ordered to Limited Mediation by the judge.

The CADRe office will assign a mediator to the case, usually with input from the parties. CADRe staff can explain the assignment procedure to you. The first three (3) hours of mediation are provided free of charge to the parties (the court pays the mediator for this time period). Thereafter, the mediator may charge the parties an hourly rate.

NOTE: *For Limited Mediation, you __must__ __always__ contact the CADRe office __first__ for CADRe to assign a mediator to the case. If you contact a mediator independently without obtaining an LM assignment sheet from the CADRe office first, then __you__ will be expected to pay the mediator's __market__ __hourly__ rate.*

Next, you must contact the assigned mediator and set a mutually agreeable date for the mediation with all participants and the mediator. *CADRe staff does not schedule the mediation.* You are required to report the mediation date to the CADRe office within 10 days of the assignment of mediator.

### CASES INVOLVING OVER $50,000.00 IN CONTROVERSY (OR AT YOUR OPTION)

If all parties agree on an ADR process you then select a neutral person to conduct the process.

CADRe maintains five separate panels of neutrals, but you are free to use a non-CADRe neutral if you wish. Comprehensive information on CADRe panelists (including their backgrounds, qualifications, and styles of practice) is available on the CADRe website at **www.sbcadre.org** OR at the CADRe office. *CADRe does not schedule the ADR process.* You then contact the neutral and arrange a mutually agreeable date for the ADR process, and then deliver to the CADRe office (fax is acceptable as long as the entire document is legible) a completed *Stipulation and Order to ADR Process* form. **Be sure to include the date you have scheduled for the process on the form (Item 3).** The stipulation form is incomplete without this date, and CADRe cannot file the form until it is complete. Contact CADRe for help with the stipulation form. You are encouraged to use local court form SC-2038.

*Unless otherwise agreed, litigants will share the cost of the neutral they select.*

If the amount in controversy in the case exceeds $50,000.00, CADRe offers:

***CADRe Mediation***: The mediator you select helps you negotiate a mutually-acceptable resolution to the case. The mediator does not impose a decision on you, but rather assists you in exploring options for resolution, typically focusing on the parties' interests. The disputants retain total control of the outcome.

Mediation is a confidential process (Evidence Code §1115-1128). Statements made in mediation cannot be repeated in court. The mediator does not communicate with the court except to file a *Statement of Agreement or Non-Agreement [Form ADR-100]*. ***Mediation briefs should ONLY be sent to the mediator and NOT filed with the court*** (CA Evidence Code §1119).

***Neutral Evaluation (NE)***: The neutral you select evaluates the claims and supporting evidence and offers an assessment of the merits of the case. The evaluator can clarify the central issues in dispute, assist with discovery and motion planning, or facilitate settlement discussions if requested by the parties. These assessments are not binding, however, equipped with this information, cases often settle within a short time after the NE.

***Binding Arbitration***: The arbitrator you select hears the evidence in your case, makes a determination, and issues an award. Binding arbitration is final. It brings closure with very few rights of appeal.

***Special Master***: The neutral you select works with you to customize an appropriate dispute resolution process to meet your particular needs. Special Master processes can include: settlement conferences with a member of our Settlement Master panel, Discovery Referees to assist in resolving discovery disputes in complex cases, Judges Pro Tem to serve as adjudicators, Private Judges for private mini-trials, or any custom process the parties choose to design.

---

**SANTA BARBARA SUPERIOR COURT, RULE 1103**
**ADR TIMING AND COMPLETION**

**(a) [Timing]** The parties shall conduct the ADR process within sixty (60) calendar days of filing the ADR Stipulation unless otherwise approved by the court. The neutral shall file a Statement of Agreement or Non-Agreement (ADR-100) within ten (10) court days of the final ADR session. All reports to the court by any mediator shall comply strictly with Evidence Code sections 1115 et seq. regarding disclosure of confidential or privileged information.

**(b) [Court Monitoring]** At the time an ADR process is ordered by the Court, or at any time in the Court's discretion, the Court may schedule a follow-up CMC or order to show cause to ensure that the ADR process has been completed by the time set by the Court. Any continuance of dates scheduled for ADR, including mandatory settlement conference dates and completion dates, must be directed to the assigned trial judge. Participation in an ADR process shall not affect time periods specified in the Trial Court Delay Reduction Act.

**(c) [Settlement]** Upon any settlement or other disposition of a case other than by trial, where an ADR process has occurred or is pending, notice of such disposition shall be given to all parties, the court, the arbitrator or other ADR neutral involved in the case, and to the CADRe staff as required by CRC 3.1385.

**(d) [Follow-Up Reports]** The neutral will be directed by the Court to report to the CADRe Director on the CMADRESS conference using a form approved by the Court's ADR Committee and provided to the neutral upon assignment of the case. The completed forms will be filed with the Court.

**MEDIATION ATTENDANCE**

> **CALIFORNIA RULES OF COURT, RULE 3.894**
> **(APPEARANCE AT MEDIATION SESSIONS)**
>
> All parties and attorneys of record must attend all mediation sessions in person unless excused or permitted to attend by telephone as provided in (3). If a party is not a natural person, a representative of that party with authority to resolve the dispute or, in the case of a governmental entity that requires an agreement to be approved by an elected official or a legislative body, a representative with authority to recommend such agreement, must attend all mediation sessions in person, unless excused or permitted to attend by telephone as provided in (3). (2) If any party is insured under a policy of insurance that provides or may provide coverage for a claim that is a subject of the action, a representative of the insurer with authority to settle or recommend settlement of the claim must attend all mediation sessions in person, unless excused or permitted to attend by telephone as provided in (3). (3) The mediator may excuse a party, attorney, or representative from the requirement to attend a mediation session under (1) or (2) or permit attendance by telephone. The party, attorney, or representative who is excused or permitted to attend by telephone must promptly send a letter or an electronic communication to the mediator and to all parties confirming the excuse or permission. (4) Each party may have counsel present at all mediation sessions that concern the party. (Subd (a) amended effective

## SANTA BARBARA SUPERIOR COURT, RULE 1102
## COURT ADMINISTERED DISPUTE RESOLUTION (CADRe)

**(a) [Applicability of Certain Methods]** The Court will make a determination of the amount in controversy at the CMC pursuant to Code of Civil Procedure sections 1141.16 and 1775.5.

**(b) [Amount in Controversy Does Not Exceed $50,000]** Where the Court determines that the amount in controversy does not exceed $50,000 for each plaintiff, the court shall order the parties to engage in either of the following ADR processes unless exempt by law:
1. Judicial arbitration pursuant to Code of Civil Procedure section 1141.10 et seq. and CRC 3.810 et seq.; or,
2. Limited Mediation in lieu of judicial arbitration pursuant to Code of Civil Procedure section 1775 et seq. ("CADRe Limited Mediation") subject to program rules, at the request of the parties or in the discretion of the court.

**(c) [Amount in Controversy Exceeds $50,000]** Where the Court determines that the amount in controversy exceeds $50,000, the Court may order the parties to attend a continued Case Management and ADR Early Settlement Session ("CMADRESS") orientation conference with a court-appointed neutral. The neutral will meet with the parties and their counsel to discuss the case with respect to issues of trial preparation, the volume of anticipated discovery, and the potential costs of the litigation if pursued through trial, and to assist them in deciding whether ADR would help resolve the dispute. The parties will be given the opportunity to mediate their case at this conference if they choose. The parties will not have to pay for the services of the neutral assigned to the case for the first 1.5 hours of the session. The neutral for each case will be chosen by the CADRe Director from a list of mediators approved by the Court's ADR Committee. The parties shall be responsible for scheduling the CMADRESS conference, which must be held within the time limits set by the Court in the case management order.

**(d) [Settlement Conferences]** The Court may order one or more mandatory settlement conference in all cases to be conducted pursuant to CRC 3.1380. At the request of the parties, the Court may in its discretion order mediation in addition to or in lieu of a mandatory settlement conference.

**(e) [Stipulations]** The parties may stipulate to ADR processes in addition to or different from CADRe processes ordered by the Court. If an ADR process is stipulated, counsel shall file a fully executed Stipulation and Order to Alternative Dispute Resolution Process form ("ADR Stipulation") within ten (10) court days after the later of either (1) the 120-day CMC or (2) the CADRe consultation. If the parties elect to pursue private ADR with their own neutral and at their own expense, they must inform the Court at the CMC and the Court will exempt them from the CMADRESS conference. Parties attending the CMADRESS conference may continue mediation or other ADR with the assigned neutral or any mediator after the CMADRESS conference, but they will be responsible for making a fee arrangement with the selected mediator for subsequent ADR sessions.

**(f) [Participation]** All parties are required to participate in court ordered ADR processes in good faith. Personal attendance at the CMADRESS and mandatory settlement conferences is required of all parties, their attorney and any claims representatives, except for defendants who are fully insured and represented by a claims agent for their insurance carrier and who do not have to consent to a settlement. Requests for excused personal attendance must be directed to the Mandatory Settlement Conference Judge.
*(Amended 07-01-18; adopted 01-01-98; previously amended effective 07-01-09 and 01-20-05)*

### THE CADRe WEBSITE – www.sbcadre.org

Please visit the CADRe website at **www.sbcadre.org.** There you will find comprehensive information on all of the CADRe neutrals, and a listing of panelists by areas of expertise.

The site also includes all of the applicable rules and code sections. Also, all forms referred to in this brochure are available on the site in editable PDF and Word format. The site also contains published articles of interest.

---

### Santa Barbara County Superior Court CADRe Program

**Vance Saukko, CADRe Director**

---

**Serving Santa Barbara/Santa Maria**

**Santa Barbara Superior Court
1100 Anacapa Street
Santa Barbara, CA 93101**

**Phone: (805) 882-4661
Fax: (805) 882-4613**

*(Located on the ground floor, near Dept. 6)*

---

**E-Mail: cadre@sbcourts.org**

# www.sbcadre.org

**Revised February 2019**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(NAME AND ADDRESS)*: | TELEPHONE NO.: | *FOR COURT USE ONLY* |
|---|---|---|
| EMAIL ADDRESS (Optional) | | |
| ATTORNEY FOR *(NAME)*: | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA**

☐ Santa Barbara–Anacapa    ☐ Santa Maria–Cook    ☐ Lompoc Division
1100 Anacapa Street     312-C East Cook Street    115 Civic Center Plaza
Santa Barbara, CA  93101   Santa Maria, CA  93454    Lompoc, CA  93436

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **STIPULATION AND ORDER TO ALTERNATIVE DISPUTE RESOLUTION (ADR) PROCESS** | CASE NUMBER: |
|---|---|
| | ASSIGNED JUDGE: |

MANDATORY SETTLEMENT CONFERENCE DATE (if applicable): _____

**Counsel or self-represented party must give notice of this filed stipulation to the CADRe office at 1100 Anacapa Street, Santa Barbara, CA 93101 (Phone number: 805 882-4661, FAX: 805 882-4613, Email: cadre@sbcourts.org)**

**1.**   **STIPULATION REGARDING ALTERNATIVE DISPUTE RESOLUTION:**
The parties hereby stipulate that all claims in this action shall be submitted to the following ADR process and the parties will appear at such hearing with persons having full authority to resolve the dispute pursuant to California Rules of Court, Rule 3.894 and Santa Barbara Superior Court Local Rule, 1102(f):
   a. Amount in Controversy is $50,000,00 or under:
      ☐ Judicial Non-binding Arbitration (CCP 1141.12)
      ☐ Limited Mediation with Mediator Assigned by the CADRe Office (CCP 1775)
      ☐ Limited Mediation with Non-CADRe mediator_____.
   b. Amount in Controversy exceeds $50,000.00:
      ☐ Binding Arbitration      ☐ Private Mediation      ☐ Neutral Evaluation
      ☐ Special Master       ☐ C.M.A.D.R.E.S.S. (Neutral to be assigned by CADRe Office)
      ☐ Other: _____

**2.**   **THE ADR PROCESS WILL BE CONDUCTED BY:**
Neutral's Name: _____    Phone:_____

**3.**   **THE MEDIATION (OR OTHER ADR PROCESS) WILL OCCUR ON** *(date)*: _____

**4.**   **PARTY REPRESENTATIVES:**
X _____    X _____
For Plaintiff:                                   For Defendant:
Name:     _____       Name:     _____
Address:   _____       Address:   _____
City/St/Zip: _____       City/St/Zip: _____
Tel/Fax:    _____       Tel/Fax:    _____
E-mail:     _____       E-mail:     _____

(If additional signatures are required, please attach an additional signature page)

**IT IS SO ORDERED PURSUANT TO THE ABOVE STIPULATION:**

Dated: _____           _____
                                     Judge of the Superior Court

CM-010

| | | |
|---|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Meghan K. Woodsome   SBN: 272459<br>REICKER PFAU PYLE & McROY LLP<br>1421 State Street, Suite B, Santa Barbara, CA 93101<br>TELEPHONE NO.: 805-966-2440   FAX NO. *(Optional):* 805-966-3320<br>E-MAIL ADDRESS: mwoodsome@rppmh.com<br>ATTORNEY FOR *(Name):* Plaintiff | **FOR COURT USE ONLY**<br>**ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Santa Barbara<br>Darrel E. Parker, Executive Officer<br>12/7/2022 9:41 PM<br>By: Narzralli Baksh , Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SANTA BARBARA
STREET ADDRESS: 1100 Anacapa Street
MAILING ADDRESS: P.O. Box 21107
CITY AND ZIP CODE: Santa Barbara, 93121-1107
BRANCH NAME: Santa Barbara - Anacapa Division

CASE NAME: The Armand Hammer Foundation, Inc. v. Rex K. Alexander, et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: **22CV04810** |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [X] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 5
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: December 7, 2022

Meghan K. Woodsome
(TYPE OR PRINT NAME)                                    *Meghan K. Woodsome*
                                                       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
 Damage/Wrongful Death
Uninsured Motorist (46) *(if the
 case involves an uninsured
 motorist claim subject to
 arbitration, check this item
 instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
 Wrongful Death
Product Liability *(not asbestos or
 toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice–
 Physicians & Surgeons
 Other Professional Health Care
 Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
 and fall)
 Intentional Bodily Injury/PD/WD
 (e.g., assault, vandalism)
 Intentional Infliction of
 Emotional Distress
 Negligent Infliction of
 Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) *(not civil
 harassment)* (08)
Defamation (e.g., slander, libel)
 (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
 *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
 Contract *(not unlawful detainer
 or wrongful eviction)*
 Contract/Warranty Breach–Seller
 Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/
 Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections
 Case
Insurance Coverage *(not provisionally
 complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent
 domain, landlord/tenant, or
 foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
 drugs, check this item; otherwise,
 report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
 Case Matter
 Writ–Other Limited Court Case
 Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor
 Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 *(arising from provisionally complex
 case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of
 County)
 Confession of Judgment *(non-
 domestic relations)*
 Sister State Judgment
 Administrative Agency Award
 *(not unpaid taxes)*
 Petition/Certification of Entry of
 Judgment on Unpaid Taxes
 Other Enforcement of Judgment
 Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
 above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-
 harassment)*
 Mechanics Lien
 Other Commercial Complaint
 Case *(non-tort/non-complex)*
 Other Civil Complaint
 *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition *(not specified
 above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult
 Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late
 Claim
 Other Civil Petition

Monday, December 12, 2022 at 07:12:15 Pacific Standard Time

| | |
|---|---|
| **Subject:** | The Armand Hammer Foundation, Inc. v. Rex K. Alexander, Misty Hammer, Mark L. Alfano, Bull Canyon, Inc. and Does; Santa Barbara County Superior Court; Case No. 22CV04810 |
| **Date:** | Friday, December 9, 2022 at 1:59:56 PM Pacific Standard Time |
| **From:** | Lucas Westby |
| **To:** | rexalexander@hotmail.com, mark@bullcanyoninc.com, dbanker@bushross.com, Anita Flowers, Randy Sterns, Jeff Katofsky |
| **CC:** | Wade Malone, MEGHAN K. WOODSOME (mwoodsome@rppmh.com), Annefloor de Groot |
| **Attachments:** | 2022.12.07 Civil Case Cover Sheet Addendum (SC 2069).pdf, 2022.12.07 Civil Case Cover Sheet.pdf, 2022.12.07 Summons.pdf, 2022.12.07 Verified Complaint.pdf, ADR packet.pdf, 2022.12.08 Ntc of Case Assignment & CMC.pdf |

Dear Mr. Alexander, Mr. Alfano (individually and on behalf of Bull Canyon, Inc.), counsel for Misty Hammer, and counsel:

Please find attached a Verified Complaint and attendant documents filed by The Armand Hammer Foundation in Santa Barbara County Superior Court. Hard copies to follow by FedEx. A remote hearing for temporary restraining order is set for Wednesday, December 14, 2022 at 8:30 a.m. PST.

Appearances are by Zoom. Login is:

> Join ZoomGov Meeting
> https://www.zoomgov.com/j/1615053019?pwd=RTduQXNvbGUyVEtncWl4SnJvYU16QT09
> Meeting ID: 161 505 3019
> Passcode: 2509581

We are available to discuss potential remedies next week in advance of the hearing. Thank you very much.

Best regards,
Lucas

**LUCAS A. WESTBY** PARTNER
lucas.westby@nelsonmullins.com
ATLANTIC STATION | SUITE 1700
201 17TH STREET NW | ATLANTA, GA 30363
T 404.322.6237   F 404.322.6050
NELSONMULLINS.COM   VCARD   VIEW BIO

**Confidentiality Notice**
This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.

**CERTIFICATE OF SERVICE**

Re: The Armand Hammer Foundation v. Rex K. Alexander

    I am a citizen of the United States and I am employed in the County of Los Angeles, State of California at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of eighteen years and not a party to the within action. My business address is 4558 Sherman Oaks Avenue, Sherman Oaks, CA 91403.

    On December 12, 2022, I served the foregoing document described as NOTICE OF REMOVAL on the interested parties herein through the Court's Electronic Filing System, serving the parties as indicated below:

NELSON MULLINS RILEY & SCARBOROUGH
Ryan Cosgrove, Esq.          Ryan.cosgrove@nelsonmullins.com
19191 S. Vermont Avenue, Suite 900
Torrance, CA 90502

REICKER PFAU PYLE & McROY LLP
Meghan K. Woodsome, Esq. Mwoodsome@rppmh.com
Corey T. Baker, Esq.          Cbaker@rppmh.com
1421 State Street, Suite B
Santa Barbara, CA 93101

**_X/_  By CM/ECF Service:** Such documents were delivered electronically via the Court's CM/ECF system as noted.

__/ By U. S. Mail as indicated below:
    I deposited such envelope in the U.S. mail at Sherman Oaks, California with postage fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U. S. postal service on that same day with postage thereon fully prepaid at Sherman Oaks, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**__/ By Delivery to Chambers by U.S. Mail:** chambers copy has been sent on December ___ 2022, delivered to the US District Court, by United States Mail, as follows:

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed December 12, 2022 at Sherman Oaks, California.

                                        /S/Judith Groves_____