UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ARMAND HAMMER FOUNDATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> DAVE JOHNSON, *et al*., <br><br> Defendants. | Case No. 2:22-cv-08986-FLA (SKx) <br><br> **ORDER GRANTING PLAINTIFF THE ARMAND HAMMER FOUNDATION, INC.'S MOTION TO REMAND [DKT. 14]** |

## RULING

Before the court is Plaintiff The Armand Hammer Foundation, Inc.'s ("Plaintiff" or "AHF") Motion to Remand ("Motion"). Dkt. 14 ("Mot."). Defendant Rex K. Alexander ("Alexander") opposes the Motion. Dkt. 25 ("Opp'n"). As of the date of this Order, Defendants Misty Hammer, Mark L. Alfano ("Alfano"), and Bull Canyon, Inc. ("Bull Canyon") (together with Alexander, "Defendants") have not appeared in the action or responded to the Motion.

For the reasons stated herein, the court GRANTS in part the Motion and REMANDS the action to the Santa Barbara County Superior Court. Plaintiff's request for attorney's fees and costs is DENIED. The court STAYS the execution of this Order until January 24, 2023 at 11:00 a.m., and ORDERS Plaintiff to file a copy of this Order in the action: *The Armand Hammer Foundation v. Rex K. Alexander, et al.*, Santa Barbara County Superior Court Case No. 22CV04810 (the "State Court Action"), within two (2) business days of this Order, and lodge with that court a copy of all briefs, evidence, and court Orders filed in this action in connection with Plaintiff's requests for a temporary restraining order and preliminary injunction,.

The court's Order Extending Temporary Restraining Order (Dkt. 40), shall remain in effect until the action is remanded to the Santa Barbara County Superior Court. Plaintiff's Request for a Preliminary Injunction (Dkt. 27) is DENIED without prejudice as moot.

## BACKGROUND

Plaintiff alleges it is a Florida not-for-profit corporation with a registered office at 600 Southwest 3rd Street, Suite 100V, Pompano Beach, Florida, and an executive office at 3501 Via Real, Carpinteria, California (the "Carpinteria Property"). Dkt. 1 at 5-6 (Compl.), ¶ 1.[1] In the Complaint, Plaintiff alleges Defendants Misty Hammer,

---

[1] The court cites documents based on the page numbers added by the CM/ECF system, rather than any page numbers listed within the documents themselves.

Alexander, and Alfano have engaged in unilateral and unauthorized actions in violation of AHF's Bylaws, misrepresented their authority to act on behalf of AHF, transferred certain of AHF's property and assets from the Carpinteria Property to a separate location, made unauthorized payments to Defendant Bull Canyon, refused to make payments or fulfill grants and pledges that were approved by AHF's Board of Directors (the "AHF Board"), and prohibited AHF's authorized agents from accessing the California Office. *Id.* at 8-11, ¶¶ 26-53; *id.* at 13-14, ¶¶ 84-90. According to Plaintiff, Defendants Alexander and Misty Hammer are former Directors and members of AHF's Board, whereas Defendant Alfano was formerly AHF's Treasurer. *Id.* at 7, ¶¶ 11, 14, 16; *id.* at 11-13, ¶¶ 57-79.

Plaintiff filed the Complaint on or around December 7, 2022 in the State Court Action, asserting claims for: (1) breach of fiduciary duty against Alexander and Alfano, (2) misappropriation of corporate assets against Alfano, (3) conversion against Alfano, (4) unjust enrichment against Alfano and Bull Canyon, and (5) declaratory relief against all Defendants. Dkt. 1 at 5 (Compl.).

On December 12, 2022, Defendant Alexander removed the action to this court, asserting this court has diversity jurisdiction over the parties' dispute. Dkt. 1 at 2-3 (Not. Removal). Plaintiff filed the subject Motion to Remand on December 21, 2022, arguing this court lacks subject matter jurisdiction due to a lack of complete diversity between Plaintiff and Defendants. Mot. Defendant Alexander opposes the Motion. Opp'n. The court finds this matter appropriate for resolution without oral argument and VACATES the hearing set for January 20, 2023. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

## DISCUSSION

### I.   Legal Standard

A defendant may remove an action from state court to federal court if the plaintiff could have originally filed the action in federal court. *See* 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332 ("Section 1332"), a district court has original

jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between "citizens of different States." For purposes of diversity jurisdiction, "a corporation [is] deemed to be a citizen of any State by which it has been incorporated and the State where it has its principal place of business." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (citing 28 U.S.C. § 1332(c)(1)) (italics omitted). A corporation's "principal place of business" is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," and is also referred to as the corporation's "nerve center." *Hertz*, 559 U.S. at 80-81.

"Removal statutes are to be 'strictly construed' against removal jurisdiction." *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## II. Diversity Jurisdiction

"When an action is removed on the basis of diversity, the requisite diversity must exist at the time the action was removed to federal court." *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985). The removing party need only include a "short and plain statement" setting forth the grounds for removal. 28 U.S.C. § 1446(a); *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 83, 89 (2014). However, "[t]he burden of persuasion for establishing diversity jurisdiction … remains on the party asserting it," and "[w]hen challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz*, 559 U.S. at 96-97.

In the Notice of Removal, Defendant Alexander asserted this court has diversity jurisdiction because the amount in controversy exceeds $75,000 and complete diversity exists between the parties. Dkt. 1 at 2, ¶ 6. Defendant Alexander notes the verified Complaint pleads Plaintiff is a Florida not for profit corporation, whereas Defendants are residents of California and Texas. *Id.* at 2 (Not. Removal), ¶¶ 7-9 (citing *id.* at 5 (Compl.), ¶¶ 1-5).

4

|   |   |
|---|---|
| 1 | Plaintiff contends complete diversity does not exist between the parties because |
| 2 | AHF's principal place of business is located in California, rendering it also a citizen of |
| 3 | this state.  Mot. 6.  Defendant Alexander contends Plaintiff's attempts to defeat |
| 4 | diversity fail because Plaintiff publicly and judicially admitted its current principal |
| 5 | place of business is in Florida, in the verified Complaint and Plaintiff's self- |
| 6 | authenticating corporate filings with the Florida Secretary of State.  Opp'n 3 (citing |
| 7 | Dkt. 1 at 16 (Compl), ¶ 116 ("AHF is a Florida Not For Profit Corporation with its |
| 8 | principal place of business in Florida…."); Dkt. 25-2 (AHF's corporate filings with |
| 9 | the Florida Secretary of State)). |
| 10 | Plaintiff responds that its public statements and filings regarding its principal |
| 11 | place of business being in Florida are not determinative, as lack of subject matter |
| 12 | jurisdiction can never be waived for forfeited.  Dkt. 36 ("Reply") at 2 (citing *Wong v.* |
| 13 | *Beebe*, 732 F.3d 1030, 1035-36 (9th Cir. 2013)).  Plaintiff further notes that defect in |
| 14 | jurisdiction cannot be avoided by waiver or stipulation to submit to federal |
| 15 | jurisdiction.  *Id.* (citing *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 |
| 16 | (9th Cir. 1997)).  The court agrees that subject matter jurisdiction cannot be |
| 17 | established by waiver or admission alone and must be determined based on a review |
| 18 | of the evidence in the record.  *See Hertz*, 559 U.S. at 97 (rejecting the suggestion that |
| 19 | "the mere filing of a form like the Securities and Exchange Commission's Form 10-K |
| 20 | listing a corporation's 'principal executive offices' would, without more, be sufficient |
| 21 | proof to establish a corporation's 'nerve center'"). |
| 22 | Viktor Hammer, who was at all relevant times a Director of AHF, attests |
| 23 | Plaintiff's executive office is located at the Carpinteria Property and that it does not |
| 24 | maintain a physical office in Florida.  Dkt. 14-2 (Viktor Hammer Decl.) ¶ 3.  The |
| 25 | Carpinteria Property is the only physical office or real property owned or operated by |
| 26 | AHF that has been identified or discussed by the parties, and the parties have not |
| 27 | identified any physical offices or real property located in Florida.  *E.g.*, Dkt. 16-1 at |
| 28 | 61 (Ex. K); Dkt. 27-3 (quitclaim deed signed by Alexander and Alfano purportedly |

transferring ownership of the Carpinteria Property from AHF to "Hammer International Foundation"). At the January 6, 2023 hearing on Plaintiff's Motion for Preliminary Injunction ("the January 6, 2023 Hearing"), Defendant Alexander acknowledged that AHF's property in the United States, including the artwork that comprised the vast majority of AHF's assets, was located in California either at the Carpinteria Property or on loan at the Santa Barbara Museum of Art in California.

Additionally, the evidence in the record demonstrates that Plaintiff's officers directed, controlled, and operated AHF primarily from the Carpinteria Property in California during the relevant period of time. At the January 6, 2023 Hearing, Defendant Alexander stated that Plaintiff's former President, Michael Hammer, exercised primary control over AHF, and that he lived in California during most of 2022. According to Alexander, Michael Hammer resided in an apartment located in the Carpinteria Property with Defendant Misty Hammer, and "recently moved to the Four Seasons Hotel in Beverly Hills," where he passed away on November 20, 2022.

The evidence also shows that Plaintiff's other officers and employees primarily resided and worked for AHF in California. In a declaration attached to the Complaint, David Smith ("Smith") attested he was "the Chief Administrator, Head of Security for The Armand Hammer Foundation, Inc. ('Foundation')" beginning in approximately 2006 and that, "for the better part of sixteen (16) years, [he] primarily worked out of the Foundation office, located at [the Carpinteria Property]." Dkt. 1 at 54 (Ex. 4, Smith Decl.), ¶ 3.[2] Defendant Alfano, who was Plaintiff's former Treasurer, testified similarly that he was a resident of and worked for AHF from California during the relevant time. Dkt. 33-43 (Alfano Decl.), ¶ 1. At the January 6, 2023 Hearing, Defendant Alexander was unable to identify any employees or physical offices of AHF in Florida, and acknowledged that all work performed for AHF in that state was

---

[2] At the January 6, 2023 Hearing, both Plaintiff and Defendant Alexander acknowledged that AHF had few employees aside from Smith and Michael Hammer.

6

performed by independent third-party contractors and vendors, such as lawyers and accountants.

Based on the evidence in the record, the court finds Plaintiff's principal place of business was in California, and not Florida, during the relevant period of time. Plaintiff, thus, qualifies as a citizen of both California and Florida for purposes of Section 1332, and complete diversity does not exist between Plaintiff and Defendants. *See* 28 U.S.C. § 1332(c)(1); *Hertz*, 559 U.S. at 80. Accordingly, the court finds it lacks subject matter jurisdiction over the parties' dispute, and that the action must be remanded to the Santa Barbara County Superior Court.

### III. Request for Attorney's Fees

Plaintiff requests the court award AHF the attorney's fees and costs it incurred in connection with the removal, pursuant to 28 U.S.C. § 1447 ("Section 1447"). Mot. 1-2. Absent unusual circumstances, attorney's fees may only be awarded under Section 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

As the verified Complaint alleged Plaintiff was incorporated in Florida and that its principal place of business was also located in that state, Dkt. 1 at 16 (Compl.), ¶ 116, Defendant Alexander had an objectively reasonable basis for seeking removal. Accordingly, Plaintiff's request for attorney's fees and costs is DENIED.

### **CONCLUSION**

For the foregoing reasons, the court GRANTS in part the Motion (Dkt. 14) and REMANDS the action to the Santa Barbara County Superior Court. Plaintiff's request for attorney's fees and costs is DENIED. The court STAYS the execution of this Order until January 24, 2023 at 11:00 a.m., and ORDERS Plaintiff to file a copy of this Order in the State Court Action, Santa Barbara County Superior Court Case No. 22CV04810, and to lodge with that court a copy of all briefs, evidence, and court Orders filed in this action in connection with Plaintiff's requests for a temporary

restraining order and preliminary injunction, within two (2) business days of this Order.

The court will issue a separate written Order on January 24, 2023, executing this Order and remanding the action to the Santa Barbara County Superior Court. The court's Order Extending Temporary Restraining Order (Dkt. 40), shall remain in effect until the action is remanded to the Santa Barbara County Superior Court. Plaintiff's Request for a Preliminary Injunction (Dkt. 27) is DENIED without prejudice as moot.

IT IS SO ORDERED.

Dated: January 13, 2023

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge